[No. 11505.   Department Two.—April 1, 1886.]

SUSAN E. THORNE ET AL., PETITIONERS, v. JOHN F. FINN, JUDGE OF THE SUPERIOR COURT, RESPONDENT.

NEW TRIAL—NOTICE OF—WAIVER OF NOTICE OF DECISION—RENEWAL OF MOTION. — Where the defeated party gives notice of his intention to move for a new trial, without waiting for the service on him of a notice of the decision, he thereby waives such notice, and if the motion so made is denied, he cannot afterwards have recourse to a new motion.

APPLICATION for a writ of mandate. The facts are stated in the opinion of the court.

*W. H. Thompkins, E. D. Wheeler,* and *William M. Pierson,* for Petitioners.

*A. N. Drown,* for Respondent.

THORNTON, J.—In *Savings and Loan Society* v. *Thorne et al.,* after the decision of the court was duly rendered in favor of plaintiff, and an order for judgment in favor of plaintiff entered on the minutes of the court, which was done on the thirty-first day of March, 1882, the defendants on the 3d of April, 1882, served and filed their notice of intention to move for a new trial. Subsequently, a statement on said motion was prepared by defendants and served on plaintiff, to which plaintiff proposed amendments. These amendments were served on defendants. In the month of June, 1883, the plaintiff and defendants, by their respective attorneys, agreed to to the statement. The statement they agreed on was afterward, on the 18th of February, 1885, presented to the Hon. J. M. Allen, the judge of the Superior Court before whom the cause was tried, and by him was certified and allowed as correct. On a subsequent day the motion was regularly called for hearing in said court, and was on the 6th of March, 1885, denied on the ground of "laches, failure, and lack of diligence in the prosecution thereof."

The findings in the cause above entitled were filed on the 20th of October, 1882. No notice of this decision was ever served on defendants. Subsequently to the denial of the above motion, the defendants served and filed another notice of motion to move for a new trial, proposed a statement on said motion, and served the same on plaintiff's attorneys. To this statement plaintiff proposed amendments, at the same time reserved objections to this statement, and to the notice of intention

to move for a new trial, just above mentioned. These objections were as follows:—

"1. That there is no motion for a new trial pending herein,—the record herein showing that defendants gave notice of motion for a new trial on the third day of April, 1882, and thereafter proposed, and caused to be settled and filed herein, their statement on said motion for a new trial; and that thereafter, on the sixth day of March, 1885, the said motion (of April 3, 1882) for a new trial, was regularly denied by this court, and that the alleged motion for a new trial, made upon the sixteenth day of March, 1885, and upon which the present proposed statement of the defendants rests and is founded, was and is wholly void and ineffectual and inoperative.

"2. That the said alleged motion for a new trial, of which notice was given and filed March 16, 1885, was made, and notice thereof given and filed too late,—being about two and a half years subsequent to the decision herein rendered.

"3. That the so-called proposed statement of the defendants was not served or proposed in time,—being two years and a half, or thereabouts, subsequent to the decision herein, and being nearly three years subsequent to the making, serving, and filing of said defendants' first notice of motion for new trial herein.

"4. That defendants have been guilty of gross laches and want of diligence, in their failure to serve and file, for so long a period, the notice of motion for new trial which was served and filed by them herein on March 16, 1885, and in delaying and neglecting for so long a time to propose the so-called statement on motion for a new trial heretofore, as aforesaid, served on April 4, 1885; and that by reason of such laches and negligence defendants have forfeited and waived any right ever to prosecute the said motion of March 16, 1885, or to have settled the said proposed statement, served on April 4, 1885.

"And hereby expressly reserving and claiming the benefit of the said exceptions and objections to the said motion for a new trial, and to the said 'proposed statement' served and proposed on April 4, 1885, plaintiff furthermore comes and objects to the said proposed statement as a statement of the said case, and hereby proposes the following changes and amendments," etc.

Afterward this statement with the proposed amendments were presented to Judge Allen for settlement, who refused to settle it on the grounds stated in plaintiff's objections.

The statement and amendments were then presented to the Hon. J. F. Finn, the successor of Judge Allen, for settlement. Respondent also refused to settle the statement.

This application is for the mandate of this court to Judge Finn, commanding him to settle the proposed statement.

We see no grounds for it. The motion for new trial was regularly heard and denied. The defendants contend that their first notice of intention having been served and filed before a notice of the decision was served on them, it was a nullity, and that all proceedings under it were null. But a party may waive notice of the decision, and by giving notice of intention to move for a new trial he does waive it. This was substantially held in *Cottle* v. *Leitch*, 43 Cal. 322, and we think held correctly. Here the defendants not only gave notice of intention, but took all other steps preparatory to bringing that motion to a hearing down to a settlement of their statement in February, 1885, nearly three years after their first notice of intention was given. We do not think in this state of circumstances that the contention of defendants, that their notice first given was null, should be regarded with any consideration. If their conduct is not a waiver of notice of the decision of the cause, it would be difficult to say what conduct would amount to a waiver.

It is the judgment of the court that the application should be denied, and the proceedings dismissed.

So ordered.

McKEE, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.