[S. F. No. 5201.  In Bank.—July 7, 1909.]

AZRO N. LEWIS and GEORGE W. LEWIS, as Trustees, Petitioners, v. MILLER & LUX et al., Respondents.

CORPORATION—FORFEITURE FOR NON-PAYMENT OF STATE LICENSE—SUBSEQUENT DOING OF BUSINESS—TRANSFER OF STOCK.—A domestic corporation which has forfeited its charter by reason of its failure to pay the state license-tax ceases to exist as such, and its property

having been taken in charge by its directors as trustees, as provided in section 400 of the Civil Code, neither it nor its directors can be compelled to continue to do business by reissuing stock transferred from one of its stockholders to another person.

APPLICATION for a Writ of Mandate to compel the transfer of stock in a corporation.

The facts are stated in the opinion of the court.

Charles S. Wheeler, for Petitioners.

Edward F. Treadwell, for Respondents.

Joseph Slye and Chas. W. Kitts, for Intervener.

SHAW, J.—This is a petition by certain persons claiming to be stockholders of a corporation known by the name of "Miller & Lux," organized under the laws of California, against the said corporation and its alleged directors to obtain a writ of mandate from this court directing the corporation to reissue to the petitioners a certificate of stock of said corporation. The parties are the same as those mentioned in the case of *Lewis* v. *Curry*, S. F. No. 5200, ante, p. 93, [103 Pac. 493], in which the opinion is this day filed. The stock was originally issued by said corporation in the name of one George W. Lewis who had assigned the same to the petitioners. They tendered the certificate so assigned and asked that the said stock be reissued in their name as trustees. The respondents refused to reissue the said stock upon the ground that the said corporation has forfeited its charter and has ceased to exist.

The facts involved in the case concerning the existence of the corporation, are precisely the same as those involved in the case of *Lewis* v. *Curry*, ante, p. 93, [103 Pac. 493], and the two cases were submitted together. It is clear from what has been said in the opinion in the other case that the corporation, "Miller & Lux," has forfeited its charter by reason of its failure to pay the state license-tax due for the year 1907. The directors of the corporation having taken charge of its affairs as trustees as provided in section 400 of the Civil Code, and the corporation having ceased to exist, neither the cor-

poration itself nor its directors can be compelled to continue to do business by reissuing stock transferred from one of its stockholders to another person. The holders of such stock by assignment, of course, have a right to participate in the division of the corporate assets by virtue of such ownership, but the machinery of the corporation has been superseded by that of the trustees in liquidation, and they cannot be allowed or required to perform further functions in their capacity as a corporation or as directors thereof.

The petition is denied, and the writ discharged. .

Angellotti, J., Melvin, J., Sloss, J., Henshaw, J., and Lorigan, J., concurred.