[S. F. No. 9992.   In Bank.—March 11, 1922.]

RANSOME–CRUMMEY COMPANY, a Corporation, Petitioner, v. SUPERIOR COURT et al., Respondents.

[1] Corporations—Nonpayment of License and Franchise Taxes—Penalty.—Under the terms of the present statute, the penalty for nonpayment of license and franchise taxes by a corporation has been changed, and the result of such nonpayment is no longer a forfeiture of its charter and consequent dissolution of the corporation, but only a suspension of its rights, powers, and privileges, with a provision for revival; and there can be no dissolution of a corporation until all license and other taxes have been paid.

[2] Id.—Suspension of Corporate Powers—Notices of Entry of Judgment and Intention to Move for New Trial—When Inoperative.—Where the corporate powers of a corporation are suspended for failure to pay license and franchise taxes at the time of an attempt to give notice to it of entry of judgment and at the time it attempts to give notice of intention to move for a new trial, the notices are inoperative.

[3] Id.—Notice of Entry of Judgment—When not Waived.—While a litigant may waive notice of entry of judgment and commence proceedings for a new trial without it, and such a waiver is effected by giving notice of intention to move for a new trial, where a corporation's powers have been suspended for failure to pay license and franchise taxes, its attempt to give notice of intention to move for a new trial is void and cannot operate as a waiver of notice of entry of judgment, nor can it serve as a preliminary step in securing a new trial.

[4] New Trial — Notice of Intention — Jurisdiction — Waiver.—A notice of intention to move for a new trial is necessary to confer jurisdiction on the court to entertain the subsequent proceedings; and such a notice may not be waived, and is not waived, by the voluntary appearance of the adverse party.

[5] Corporations—Suspension of Powers—Revival—Invalid Acts. The subsequent revival of the corporate rights, powers, and privileges of a corporation, which were suspended for nonpayment of license and franchise taxes, does not have the effect of validating the acts attempted during the period of suspension, as the revival is not made retroactive by the statute.

APPLICATION for a Writ of Mandate directed to the Superior Court of Santa Clara County.   J. R. Welch, Judge. Writ denied.

The facts are stated in the opinion of the court.

R. M. F. Soto for Petitioner.

Ralph C. McComish for Respondents.

LAWLOR, J.—This is a petition for a writ of mandate to be issued directing respondents, the superior court of the state of California, in and for the county of Santa Clara, and the Honorable J. R. Welch, a judge thereof, to take jurisdiction of a motion for a new trial interposed by petitioner in the case of Ransome-Crummey Company *v.* John H. Graves et al., numbered 20902 in the records of the said court, and directing respondents to grant the motion as of the sixth day of September, 1921.

Petitioner commenced the said suit on June 14, 1913, to foreclose a lien on certain property in the city of San Jose, alleged to belong to said J. H. Graves, to satisfy an assessment levied for street work done by petitioner. The cause was heard before the said superior court of Santa Clara County. Findings of fact and conclusions of law were made and filed by the court, and pursuant thereto judgment was rendered for the defendant May 26, 1916. On June 7, 1921, a purported notice of the entry of judgment was given to the attorney who had represented petitioner, and on June 15, 1921, petitioner's attorney assumed to serve on the attorney for Graves a notice of intention to move for a new trial. Petitioner, on September 2, 1921, moved the court to grant a new trial on the grounds that the evidence was insufficient to justify the decision of the court; that the decision was against law; and that there were errors in law occurring at the trial, excepted to at the time by the plaintiff. At the hearing on that date counsel for the defendant called the court's attention to the fact that on February 28, 1920, petitioner's rights, powers, and privileges had been suspended because of the nonpayment of its license and franchise taxes. Further hearing of the matter was continued until September 6, 1921, at which time it was shown by petitioner that all delinquent taxes had been paid on September 3, 1921, and that upon such payment a certificate had been issued by the state controller evidencing the restoration of all the rights, powers, and

privileges of petitioner as a corporation. By reason of the objections made by the defendant, respondent, the superior court, declined to pass upon the merits of the purported motion for a new trial and dismissed it. Thereupon petitioner commenced this proceeding to compel respondents to consider the motion upon its merits.

Graves, the defendant in the original action, joined with respondents in the answer to the petition, alleging he is the real party in interest. In addition to denying petitioner's right to the writ of mandate on the ground that its rights, powers, and privileges had lapsed at the time the said motion for a new trial was made, certain facts are alleged in the answer concerning the assignment of petitioner's claim against Graves which, if true, might constitute a valid defense to petitioner's motion for a new trial, as showing it is not the real party in interest. For these reasons respondents pray that the petition for a writ of mandate be denied.

It is provided in Statutes of 1917, pages 371, 377, that "After 6 o'clock P. M. of the Saturday preceding the first Monday in March in any year, the corporate rights, privileges, and powers of every domestic corporation which has failed to pay the [license] tax and money penalty for nonpayment thereof imposed by this act shall, from and after said hour of said day, be suspended, and incapable of being exercised for any purpose or in any manner, except to execute and deliver deeds to real property in pursuance of contracts therefor made prior to such time, and to defend in court any action brought against such corporation, until said tax with all accrued penalties . . . are paid"; that (page 378) "No court shall have jurisdiction to make or enter any decree of dissolution of any domestic corporation until all taxes and penalties due under this act shall have been paid"; and further, that (page 377) "All corporate powers, rights and privileges, suspended or forfeited under the provisions of this act may be revived and restored to full force and effect upon application therefor by any stockholder or creditor thereof and upon payment of all accrued taxes and penalties due to the state under this act and subdivision (d) of section fourteen, article thirteen of the constitution."

Section 3669c, subdivision 2, of the Political Code, reads: "After 6 o'clock P. M. of the Saturday preceding the first Monday in March in any year, the corporate rights, privileges and powers of every domestic corporation which has failed to pay said [franchise or other] tax and money penalty shall, from and after said hour of said day, be suspended, and incapable of being exercised for any purpose or in any manner, except to defend any action brought in any court against such corporation, until said tax with all accrued penalties . . . are paid as hereinafter provided . . . " Subdivision 3 of the same section provides that "All corporate powers, rights and privileges suspended, or forfeited, may be revived and restored to full force and effect by the payment of all accrued taxes and penalties . . ." [Stats. 1917, p. 359.] Section 3668c of the Political Code is in part as follows: "No final discharge in bankruptcy or decree of dissolution shall be made and entered by any court, nor shall the county clerk of any county or the secretary of state file any such discharge or decree, or file any other document by which the term of existence of any corporation shall be reduced or terminated until all taxes, penalties, and costs . . . shall have been paid and discharged."

Before the enactment of these statutes, the penalty imposed upon a corporation for a failure to pay its license and franchise taxes was a forfeiture of its charter (Stats. 1905, p. 493, and amendments thereto; Stats. 1911, p. 530; Stats. 1915, p. 422), which resulted in a dissolution of the corporation. (*Lewis* v. *Miller & Lux,* 156 Cal. 101 [103 Pac. 496].) After such a forfeiture the corporation was governed by the rules relating to dissolved corporations, and all actions prosecuted by or against such a corporation abated, except in those cases where an action against the corporation survived by the terms of section 10a of the act of 1905, as amended in 1907. (*Brandon* v. *Umpqua L. & T. Co.,* 166 Cal. 322 [136 Pac. 62].) **[1]** Under the terms of the present statutes, the penalty for nonpayment of license and franchise taxes has been changed, and the result of such nonpayment is no longer a forfeiture of its charter and consequent dissolution of the corporation, but only a suspension of its rights, powers, and privileges, with a provision for revival. Furthermore, the statutes above

quoted expressly provide that there shall be no dissolution of a corporation until all license and other taxes have been paid. The distinction between the position of a corporation after failure to pay its license and franchise taxes under the former and under the present law was pointed out in *Rossi* v. *Caire,* 186 Cal. 544 [199 Pac. 1042], where the status of such a corporation was considered. The court in that case said: "The corporation [under the former laws] simply ceased to exist, just exactly as in the case of a forfeiture for cause by judicial decree, without any existing provision of law for rehabilitation as a corporation. It was not a case simply of suspended animation, as under the present license tax law, but one of absolute death."

It follows that petitioner did not cease to exist during the period of suspended animation. Its right, therefore, to maintain the action against Graves is not governed by the rules relating to dissolved corporations, and the question of the power of its directors to maintain the action in the corporate name is not involved. During the time its taxes were unpaid, petitioner was shorn of all rights save those expressly reserved by the statutes. The right to institute or maintain actions is not included in this reservation, but is denied to corporations as a part of the penalty.

[2] At the time the purported notice of entry of judgment was given to counsel for petitioner, and at the time it attempted to give notice of its intention to move for a new trial, its corporate powers were suspended. As the receipt of notice of entry of judgment would be the exercise of a corporate power, it follows that at the time such notice was given in this case petitioner as a corporation could not receive it, nor could any person lawfully receive it in the name of the corporation. The notice was therefore inoperative.

[3] It has been held that a party litigant may waive notice of entry of judgment and commence proceedings for a new trial without it (*Estate of Richards,* 154 Cal. 478 [98 Pac. 528]), and that such a waiver is effected by giving notice of intention to move for a new trial. (*Thorne* v. *Finn,* 69 Cal. 251 [10 Pac. 414].) In the case at bar petitioner attempted to give notice of such intention, but such purported notice was void as the exercise of a suspended power, and it could not operate as a waiver of the notice of

entry of judgment. For the same reason it could not serve as a preliminary step in securing a new trial. **[4]** A notice of intention to move for a new trial is necessary to confer jurisdiction on the court to entertain the subsequent proceedings. Such a notice may not be waived, and is not waived, by the voluntary appearance of the adverse party. (*Title Ins. etc. Co.* v. *California Development Co.,* 171 Cal. 173 [152 Pac. 542].) As the court cannot acquire jurisdiction in the absence of such notice, the subsequent appearance of petitioner in the action, after its rights, powers, and privileges were revived, could not cure the defect or constitute a waiver.

**[5]** Furthermore, we are of the opinion that the subsequent revival of the corporate rights, powers, and privileges did not have the effect of validating the acts attempted during the period of suspension. The revival is not made retroactive by the statute. The suspension of the rights, powers, and privileges is a disability imposed on a corporation as a penalty, and it would tend to deprive the statute of its force and encourage a corporation in default to postpone payment of its taxes indefinitely if it were held that by subsequent payment of the delinquent taxes all the benefits of the attempted acts denied to the corporation could be secured. That it was not intended that the acts during the time of the suspension should have any effect whatever is shown by the fact that both the sections of the Political Code and the Statutes of 1917 above referred to make the performance of such acts by any person on behalf of the corporation a misdemeanor.

It was suggested upon the oral argument that the court in any event is now without jurisdiction to hear the motion because of the lapse of more than three months from the date of the purported notice of entry of judgment. It is true that a failure to pass upon such a motion within three months of the notice of entry of judgment is in effect a denial thereof. (Code Civ. Proc., sec. 660, as amended in 1917 [Stats. 1917, p. 240]; *Lancel* v. *Postlethwaite,* 172 Cal. 326 [156 Pac. 486]; *San Francisco etc. T. Rys.* v. *Superior Court,* 172 Cal. 541 [157 Pac. 604].) But it follows from what we have said that the court never acquired jurisdiction of the motion, and that because of the invalidity of the notice of entry of judgment the three-month period during which

it might have passed on the motion was never commenced. The position of the parties is therefore the same as if none of the attempted steps looking to a new trial had been taken, and the denial of the writ is without prejudice to further proceedings based on the entry of the judgment.

Writ denied.

Wilbur, J., Waste, J., Shurtleff, J., Sloane, J., and Shaw, C. J., concurred.

Rehearing denied.

All the Justices concurred.