[Civ. No. 6412. First Appellate District, Division Two.—April 26, 1928.]

MARYLAND CASUALTY COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

John Ralph Wilson and Everette C. McKeage for Petitioner.

Esmond Schapiro, Jones & Dall and Walter E. Drobisch for Respondents.

KOFORD, P. J.—This is an original application for a peremptory writ of mandate to dismiss a certain action pending in the said Superior Court wherein S. W. Towle Lumber Company (a domestic corporation), is plaintiff, and G. P. Anderson, Maryland Casualty Company (the petitioner), and others, are defendants. The alternative writ was issued by the Supreme Court and made returnable in this court. The grounds upon which it is claimed the said action should be dismissed arise out of the fact that the plaintiff corporation in that action, Towle Lumber Company, had suffered the penalties prescribed by law for failure to pay its corporate license and franchise taxes to the state of California. The action is for breach of contract and foreclosure of mechanic's lien. The petitioner had executed, pursuant to the Mechanic's Lien Law, a bond to secure the payment of mechanics' liens and for that reason was a defendant in said action.

The facts made to appear to us on this hearing are that at the time of the execution of the contract under which the mechanic's lien arose, and also at the time the said action was instituted, the said Towle Lumber Company had not paid its license tax and franchise tax; but after the

suit was instituted and a year before the trial of the action upon its merits the said corporation had paid and discharged the said taxes and had been reinstated.

Section 11 of the Corporation License Act, Statutes 1915, chapter 190, page 422, and amendments thereto (Deering's General Laws 1923, Act 1743), provides that the corporate rights, privileges, and powers of domestic corporations which have failed to pay the said tax shall be suspended and incapable of being asserted for any purpose (with certain exceptions not involved here) until said tax and all accrued penalties, etc., are paid. The section concludes with: "Every contract made in violation of this section is hereby declared to be void."

Section 3669c of the Political Code contains substantially the same language with respect to the franchise tax.

In the said action pending in the Superior Court the complaint alleged the due incorporation and existence of the plaintiff, Towle Lumber Company. The defendant's answer merely denied this allegation on information and belief. During the course of the trial defendant discovered that the plaintiff corporation had suffered the suspension of its corporate powers as above set forth, and thereupon made a motion during the course of the trial to be permitted to amend the answer in said action so as to make the denial of the corporate existence of the plaintiff positive instead of upon lack of information and belief. Said motion was denied by the court. One month later the defendant, who is petitioner here, moved the said Superior Court for an order dismissing the said action upon the grounds that owing to the suspension of the plaintiff's corporate powers, (1) the contract sued upon was void, and (2) that the corporation was legally incapable of instituting the said action at the time the complaint was filed. Said motion was supported by an affidavit setting forth the facts regarding the suspension and revival of the corporate powers of said plaintiff. This motion was also denied by the court. The petition herein alleges that the said Superior Court has the said action now under submission for decision and intends to render a judgment therein upon the merits thereof. The petition prays that the said court be compelled to dismiss the said action without rendering a judgment upon the merits thereof.

■ To the contention that the action should be dismissed because it is brought upon a contract which by law is void, the respondent replies that the defendants in said action are estopped from denying the validity of said contract because of benefits received thereunder. These are issues at law and fact for the trial court to determine only at the trial of the action. A judgment on these issues is on the merits of the action. No reason exists why an action should be dismissed instead of being decided upon its merits because the claim sued upon is founded upon a void contract. This is not the practice with respect to suits brought upon contracts void for other reasons, such, for example, as being within the statute of frauds and not in writing. In such case the issue is whether or not the contract sued upon does or does not exist and the issue is raised by pleadings which upon the one side allege the contract and on the other side deny it. There is no reason for a distinction in this respect between contracts void under one statute or void under another.

■ Whether the contract sued upon is void or not is merely one of the considerations for the trial court in connection with the evidence and all the pleadings in the case. Whether or not plaintiff has a valid chose in action is the ultimate issue to be decided by the court in any trial of an action upon its merits. ■ Upon this petition for mandate to dismiss the action we have neither the right nor the power to determine the merits of the said action. That question is not legally before us. The evidence and pleadings in the action are not before us. Petitioner relies on *Ransome-Crummey Co.* v. *Superior Court,* 188 Cal. 393 [205 Pac. 446], and *Van Landingham* v. *United Tuna Packers,* 189 Cal. 353 [208 Pac. 973]. The former of these two cases holds that where the corporate powers of a corporation plaintiff, after the institution of an action and during its pendency, has been suspended for nonpayment of license and franchise taxes, the said corporation during the period of such suspension of powers, is wholly unable to either give or receive a legal notice carrying forward the prosecution of the said action. In the Van Landingham case it is held that such a suspended corporation during the period of its suspension has no power to execute a contract, that the attempted execution of a contract by such a sus-

pended corporation is void and cannot be treated as the valid contract of a *de facto* corporation. Under these authorities it may well be that the contract sued on in the action under consideration is void. There may be other issues in the case, however, not known to us which may give the trial a different aspect. The pleadings and evidence may be such that a recovery may be had notwithstanding the contract be void. There may be an estoppel. There may be a contract implied by law. The constitution and statutes may give a lien. These matters we do not decide. If nothing in the case warrants a judgment in favor of plaintiff on the merits, petitioner may look forward to a judgment in its favor on the merits. The trial court has the jurisdiction and power to determine the issues which go to the merits of the action. To argue that the pleadings and evidence warrant a decision only in favor of petitioner is of no avail. *Mandamus* is not a substitute for an appeal from an erroneous judgment and is certainly not such before the judgment is made.

It is claimed by petitioner that a motion to dismiss the action, however, upon the ground of the incapacity of the plaintiff to institute the action will lie where the facts warrant it because the granting of such a motion is not a judgment upon the merits. The authorities are conflicting upon the question as to whether the lack of capacity of plaintiff to sue may be raised by a motion to dismiss or whether it must be raised by answer, alleging plaintiff's incapacity to sue. (18 Cor. Jur. 1185.) Respondents' reply to the motion to dismiss, in so far as it is based upon the lack of capacity of the plaintiff to commence the action, is two-fold: (1) It is claimed that the plaintiff's capacity to commence or maintain the action is only suspended and not absolutely forfeited. The corporate powers were revived before the trial of the action was commenced and before the motion was made; (2) It is urged that the trial court undoubtedly had jurisdiction to exercise discretion to deny petitioner's motion for leave to amend the answer in the action. (20 Cal. Jur. 579 and 576.) The answer, standing then as originally filed, fails to deny the allegation of the complaint that the plaintiff corporation was duly existing. The purported denial, based upon lack of information and belief, is understood by both parties in this proceeding to be

insufficient as a denial. (*Art Metal Construction Co. v. A. F. Anderson Co.*, 182 Cal. 29 [186 Pac. 776].) Therefore, as the record stood at the time the motion to dismiss was denied by the trial court, the pleadings in the case presented no issue as to the corporate existence of the plaintiff, although the affidavits read upon the motion showed without conflict that the corporate powers of the plaintiff were suspended both at the time of the execution of the contract sued upon and also at the time the action was instituted, but that they had been revived before the time of the trial and the motion.

█ Taking it for granted, without deciding, that the incapacity of plaintiff to institute the suit is a defense which may be raised by the defendant upon a motion to dismiss and that the defendant is not compelled to raise this issue by his answer or waive it and also taking it for granted that upon such a motion the facts before the court are to be ascertained only from the affidavits used on such motion to the exclusion of the allegations and admissions of the main pleadings in the case, such a motion is a plea in abatement which is not favored in law, is to be strictly construed and must be supported by facts warranting the abatement at the very time of the plea. (1 Cal. Jur., pp. 38, 39, 40, 41, 80; *California Savings & Loan Society v. Harris*, 111 Cal. 133 [43 Pac. 525]; *Ward Land etc. Co. v. Mapes*, 147 Cal. 747 [82 Pac. 426]; *McCann v. Children's Home Society*, 176 Cal. 359 [168 Pac. 355]; *Rudneck v. Southern California M. & R. Co.*, 184 Cal. 274 [193 Pac. 775]; *Weyse v. Biedebach*, 86 Cal. App. 736 [261 Pac. 1092].)

In *California Savings & Loan Society v. Harris, supra,* the plaintiff corporation had suffered the penalty prescribed by section 299 of the Civil Code, for failure to file articles of incorporation with the county clerk. The penalty prescribed was that such corporation "shall not maintain or defend any action . . . until such articles . . . shall be filed . . . " This penalty is analogous to the penalty of the Corporation License Act. The corporation complied with the section of the code before the defendant raised the point against it. It was held that a defense based upon the noncompliance with said section must be put forward during the time of the noncompliance with the section and that after the corporation had complied with the section, a de-

fense based upon previous violation of the section would not lie. That and the nature of the disability created by the statute are the main grounds of the decision, although something is therein also said about the difference between maintaining and instituting an action. The authority last referred to has frequently been cited and followed by the Supreme Court in this state upon the main grounds of the decision.

In *Kehrlein-Swinerton Construction Co.* v. *Rapken,* 30 Cal. App. 11 [156 Pac. 972], an action was commenced in the name of a corporation which had forfeited its franchise for nonpayment of license tax. Under the statute as it then read, the board of directors of the corporation, upon the forfeiture of the charter, became the trustees of the stockholders and of the property of the corporation. The point being raised by the defendant, the plaintiff asked leave to substitute as parties plaintiff the corporation directors in place of the corporation itself. The motion was denied by the trial court and this decision was reversed by the District Court of Appeal. A petition for a transfer to the Supreme Court was denied. This case is, therefore, authority for the proposition that the filing of the action in the name of a corporation whose franchise had been forfeited is not an absolute nullity, but that it has at least enough vitality to go forward when the proper plaintiffs are substituted.

The case of *Ransome-Crummey Co.* v. *Superior Court, supra,* indicates that after a corporation has properly instituted a suit, its corporate power to maintain the action may be suspended for failure to pay license and franchise taxes for a period of time while the action is pending and then go forward with full vigor when reinstated.

The case of *Van Landingham* v. *United Tuna Packers, supra,* holds that the attempted execution of a contract by a corporation at a time when its corporate powers are suspended is a nullity and that such a contract does not automatically spring into life when the corporate powers are revived.

There is a difference between the prosecution of an action at law and the execution of a contract. A contract is executed at one instant—at the very instant that the meeting of minds occurs. If void or nonexistent at that

time there is good reason for saying that said purported contract cannot be revived. Nothing exists to revive. The prosecution of an action at law, however, is a continuous process which involves many acts. If the power of the corporation to prosecute the action may be suspended for a certain period of time intervening between the filing of the complaint and entering of final judgment, as held in the case of *Ransome-Crummey Co.* v. *Superior Court, supra,* and if the filing of the action by a corporation which has had its charter forfeited is not a nullity, but can be restored to vitality by the substitution of proper plaintiffs as held in *Kehrlein-Swinerton Construction Company* v. *Rapken, supra,* it follows that the said period of suspension may include the day on which the complaint was filed, without destroying the vitality of the action after reinstatement of the corporation plaintiff. The motion to dismiss or abate the action in this case was, therefore, made after the disability of plaintiff no longer existed, was not well grounded at the time made and was properly denied.

Section 14 of the Corporation License Act provides that upon paying the tax and certain penalties, "the state controller shall issue a certificate of revivor to such corporation, and thereupon such corporation is revived and its powers restored to full force and effect." Further, "The revivor of a corporation under the provisions of this section shall be without prejudice to any action or proceeding, defense or right, which has occurred (originally 'accrued') by reason of the original forfeiture." The only defense or right petitioner ever had to dismiss the action by reason of the original suspension, as distinguished from its right to prevail in the action upon its merits, was a plea in abatement which under established law and precedent was a temporary right that could only be availed of during the period of plaintiff's incapacity. The revivor of the corporation does not prejudice the defense, which petitioner was at full liberty to use during the period of suspension, but restores the corporation so that no future defense can be made on that ground. After the corporation is restored it has power to maintain an action not previously dismissed This interpretation is in harmony with section 11, which suspends the corporate powers only until such tax is paid in accord-

ance with the act. A different construction would extend the period of suspension beyond that expressly fixed by the act.

The writ is denied and the proceeding dismissed.

Sturtevant, J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 23, 1928, and an application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 25, 1928.

All the Justices concurred.