[Civ. No. 9695.   First Appellate District, Division Two.—July 9, 1935.]

VOGUE CREAMERY COMPANY (a Corporation), Appellant, v. ACME ICE CREAM COMPANY (a Corporation) et al., Respondents.

Marshall B. Woodworth and Russell P. Tyler for Appellant.

Joseph C. Meyerstein, Gregory, Hunt & Melvin, Gavin McNab, Schmulowitz, Wyman, Aikins & Brune, and Wallace Sheehan for Respondents.

NOURSE, P. J.—Plaintiff sued for damages for breach of contract.  ▮  Nonsuits were granted as to all the defendants, the order relating to the defendant Acme Ice Cream Company stating that it was made on the sole ground that the plaintiff was in default in the payment of its license and franchise taxes and therefore unable to perform its obligations. This defendant had advanced nine grounds in its motion for a nonsuit and if any one of these grounds is sound the judgment must be affirmed. The other defendants were joined as subsequent purchasers of some of the assets of the Acme Company.

On May 1, 1924, the plaintiff entered into a written contract with the Acme whereby the latter agreed to purchase the corporate assets of the plaintiff for the full purchase price, to be paid within five years, of $70,000 of which sum not more than $35,000 was to go to the payment of the liabilities of the plaintiff. The latter represented that the assets were of the value of $70,000 and that the indebtedness did not exceed $35,000. The contract also called for the payment by Acme of $12,000 of the principal and $5,700 in interest within two years after the execution of the agreement and the payment of $500 a month thereafter. The Acme agreed to pay all taxes and assessments on the real and personal property to be acquired.

Following the execution of the contract the Acme paid for the use and benefit of the plaintiff sums in excess of $83,000; the president of the plaintiff corporation absconded, and the directors permitted a suspension of its charter for nonpayment of the state license and franchise taxes. On May 1, 1929, the vice-president of the plaintiff corporation elected to

treat the contract as repudiated and made demand upon the Acme for full performance.

On the trial plaintiff proved in its own case that it was unable to perform any of its obligations under the contract because of the suspension of its charter; that it could not vest title to the real estate sold because it did not have title at that time, or at any time subsequent to the execution of the contract; that it could not vest title to the major portion of the personal property because such title, at the time of the contract and at the time of the alleged tender, was continuously in another. Plaintiff's case showed further that it did not meet its stipulation in the contract that an audit would show that its assets were worth $70,000 and that its liabilities were not in excess of $35,000. In both instances the audit showed the contrary. It was also shown that, whereas the contract stipulated that the Acme should assume and pay debts of not more than $35,000 of the plaintiff, sums in excess of $83,000 were paid to plaintiff before the alleged breach.

■ Under the provisions of section 3669c of the Political Code, in effect at the time, the appellant was incapable of exercising any of its corporate rights or powers because of its failure to pay its state franchise and license taxes. It was therefore incapable of making a valid tender, a valid transfer of either real or personal property, or a valid delivery of its treasury stock as required by the contract. (*Ransome-Crummey Co.* v. *Superior Court*, 188 Cal. 393, 397 [205 Pac. 446].) No burden was cast upon the Acme to keep appellant in good standing. The contract merely required the Acme to pay taxes and assessments levied against the "properties hereby leased". Hence appellant, by its own hand, put it beyond its power to perform its obligations under the contract. When a vendor under an executory contract has rendered himself unable to perform he cannot complain of the vendee's repudiation, and cannot recover upon his offer of performance if he is not able and willing to perform according to the offer. (Sec. 1495, Civ. Code; *Dickey* v. *Kuhn*, 106 Cal. App. 300, 304, 306 [289 Pac. 242].)

■ But aside from this appellant's evidence demonstrated that there had been paid under the contract sums for its use and benefit far in excess of the amounts due from this respondent and that, notwithstanding these payments, it had failed to deliver the consideration called for. Hence upon

the evidence offered, taken with all favorable inferences, appellant failed to show any cause for damages against any of the respondents.

The nonsuits as to the other defendants were proper for the additional reason that the evidence demonstrated that they merely purchased some of the assets of the Acme without assuming the liabilities.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.