395 P.2d 915

**FALCONAERO ENTERPRISE, INC., a corporation, Plaintiff and Respondent,**

**v.**

**VALLEY INVESTMENT COMPANY, a corporation, Defendant and Appellant.**

**No. 10129.**

Supreme Court of Utah.

Oct. 26, 1964.

William D. Callister, Salt Lake City, for appellant.

Clyde, Mecham & Pratt, Salt Lake City, for respondent.

HENRIOD, Chief Justice.

Appeal from a quiet title judgment for plaintiff. Affirmed, with costs to plaintiff.

Defendant urges that the complaint did not state a cause of action, but it appears to us that it satisfied the rules of pleading. Next, it is asserted that because of a dissolution of the plaintiff corporation, it had no standing in court, which seems to

be answered by Title 16–10–100, 16–10–101, Utah Code Annotated 1953. As to the claim plaintiff was barred by res judicata, we think it to be without merit, if for no other reason than that plaintiff and its privies perfected their title under the seven-year adverse possession statute, discussed hereinafter. The contention that 78–12–5.1, 78–12–5.2 are not controlling is not meritorious for the same reason.

The significant question is posed by defendant's assertion that the seven-year adverse possession statute (78–12–5 et seq. U.C.A.1953) was not satisfied factually by the record. This is the only point about which we need concern ourselves, since we are constrained to and do affirm the trial court's findings and judgment.

The evidence is uncontroverted and most convincing that the plaintiff or its privies satisfied the adverse possession statutes.

It reflects that plaintiff enclosed a tract of land of which the property, subject of this litigation, was a part, with an electrified wire fence, built improvements on the tract, created an artificial lake thereon, paid taxes on it, grazed it and conducted a commercial enterprise thereon for seven consecutive years, without interruption or complaint by defendant or anyone else. It is equally clear that during that time defendant neither paid nor attempted to pay any taxes thereon or assert any right to possession, having notice of plaintiff's claim by the latter's occupancy.

It appears to us that if the seven-year statute has any meaning, it fits this case without reservation.

McDONOUGH, CALLISTER, CROCKETT, and WADE, JJ., concur.