398 P.2d 206

**FALCONAERO ENTERPRISE, INC., a Utah corporation, and Charles W. Taggart, Plaintiffs and Respondents,**

v.

**John F. BOWERS et al., Defendants, Intermountain Development, Inc., a corporation, Defendant and Appellant.**

**No. 10173.**

Supreme Court of Utah.

Jan. 22, 1965.

Wm. D. Callister, Salt Lake City, for appellant.

Clyde, Mecham & Pratt, Eliott Lee Pratt, Salt Lake City, for respondents.

WADE, Justice:

Defendant, Intermountain Development, Inc., appeals from a judgment quieting plaintiffs' tax title to 20 acres of land which is a part of a larger tract of land containing about 1,000 acres of contiguous land in plaintiffs' possession. Since 1949, plaintiffs have operated a chuckwagon restaurant, some stables, and have used the larger tract for grazing purposes. Also, on the larger tract there is a lake with some improvements. The larger tract was enclosed by an electric barbwire fence.

Plaintiff, Falconaero Enterprises, and the larger tract were involved in the case of Falconaerc Enterprise, Inc. v. Valley Investment Company, 16 Utah 2d 77, 395 P.2d 915. In the present case, after appellant raised the issue of Falconaero's right to sue because the corporation had been dissolved, the court permitted Charles W. Taggart, the sole owner of the corporate stock and the grantee in a warranty deed from Falconaero, to join as plaintiff. This was clearly within the discretion of the trial court under Utah Rules of Civil Procedure 15(a) and 21.

Under Section 16–10–100, U.C.A.1953, Replacement Volume 2, the dissolution of a corporation does not take away any remedy available to the corporation for any claim existing prior to the dissolution, and action may be commenced thereon within two years after such dissolution. This action was commenced about a month after the dissolution.

There is no dispute that the larger tract has been enclosed by an electrified barbwire fence. Stables and other improvements have been maintained thereon, and horses pastured by the plaintiffs, and the taxes paid on the 20-acre tract for the

**204**

seven-year period. Also, plaintiffs have held exclusive possession without any interruption or interference by appellant. All of these facts were found by the trial court. Thus under Sections 78–12–5, 78–12–9(2) and 78–12–12, plaintiffs have clearly established title by adverse possession for a period of seven years.

Judgment affirmed. Costs to plaintiffs.

HENRIOD, C. J., and McDONOUGH, CROCKETT and CALLISTER, JJ., concur.