460 P.2d 828

**MACKAY & KNOBEL ENTERPRISES, INC., a Utah corporation, Plaintiff and Appellant,**

v.

**TETON VAN GAS, INC., a corporation, and Van Gas, a corporation, Defendants and Respondents.**

No. 11555.

Supreme Court of Utah.

Nov. 3, 1969.

---

1. It is significant that the respondent's printed brief was filed three days after that of appellant.

Ronald C. Barker, Salt Lake City, for appellant.

Merlin R. Lybbert and Robert W. Miller of Hanson & Baldwin, Salt Lake City, for respondents.

CROCKETT, Chief Justice:

Mackay & Knobel Enterprises, a corporation, commenced an action in May of 1964, against the defendant, Teton Van Gas, Inc., to recover damages for destruction by fire of its service station in Summit County, alleging it was caused by the defendant's negligently installing a butane gas tank therein without proper automatic controls or shut-off valves. A motion to dismiss that action was granted on the ground that the plaintiff's corporate charter had been suspended in October 1963, prior to the initiation of the suit. After the corporation had been reinstated in October 1966, this substantially identical suit was filed in March 1967. The corporation was again suspended in September 1967, for failure to pay its corporate franchise taxes. Thereafter the defendant again moved for dismissal on the ground that the plaintiff corporation lacked legal capacity to maintain the suit, which motion was granted, and from which the plaintiff appeals. It should be noted that the question whether plaintiff has a meritorious cause of action was not reached in the trial court, and is not before us here.

The sole question ruled on below and presented on this appeal is whether the plaintiff corporation has capacity to sue.

It is instructive on the instant problem to note that under our prior statute a corporation whose charter had expired or been forfeited or had been dissolved nevertheless had authority to sue or be sued in connection with "winding up its affairs." It was so declared by Sec. 16–1–2, U.C.A. 1953:

Any corporation organized under the laws of the territory or state of Utah whose franchise has heretofore expired or may hereafter expire by limitation or by forfeiture, or by dissolution by decree of court *may nevertheless continue for the purpose of winding up its affairs*; and to effect this purpose may sell or otherwise dispose of real and personal property, *sue and be sued*, contract, and exercise all other incidental and necessary powers.

There are somewhat similar provisions under our new Business Corporation Act adopted as Chapter 28, Session Laws of Utah 1961 (now Chapter 10 of Title 16, U.C.A.1953). Sec. 16–10–100 provides:

*The dissolution of a corporation \* \* shall not take away or impair any remedy* available to or against the corporation \* \* \* *for any right or claim existing,* or any liability incurred, prior to such dissolution. \* \* \*.[1]

and Sec. 16–10–101, U.C.A.1953:

*Notwithstanding the dissolution of a corporation \* \* \* the corporate existence of such corporation shall nevertheless continue for the purpose of winding up its affairs* in respect to any property and assets which have not been distributed or otherwise disposed of prior to such dissolution, and to effect such purpose *such corporation may* sell or otherwise dispose of such property and assets, *sue and be sued,* contract, and exercise all other incidental and necessary powers.

We accept the fact that there are good and sufficient reasons for this declared policy of the law that a corporation, even though dissolved, is able to sue and protect its assets. This enables it to better discharge the duties the law imposes upon it: to pay its taxes; to pay its creditors; and to meet its obligations to stock holders who have invested in it. If in the process of "winding up its affairs" a supposedly "insolvent" corporation should manage to salvage sufficient assets to revive and continue its life, it is only reasonable to suppose that it would have as much right to sue and conserve them as if it had proved to be completely defunct.

It is to be conceded that insofar as the record here disclosed, the instant suit may or may not be related to the "winding up of the affairs" of the plaintiff corporation. Notwithstanding the paucity of the record

[1]. This section applied in Falconaero Enterprise, Inc. v. Bowers, 16 Utah 2d 202, 398 P.2d 206, 207 (1965).

as to just what the facts are, it is not unreasonable to deduce these conclusions therefrom: that the plaintiff corporation is insolvent or at least in financial straits and attempting to salvage assets; and that this alleged cause of action, if it should prove to be meritorious, may turn out to be one of such assets. The considerations set forth above as to why a dissolved corporation, whose life has thus presumably been terminated, should be able to protect its assets, would seem to apply for even stronger reasons to a corporation which has merely been "suspended."[2]

▪ In the first place, the term "suspended" itself imports a temporary restriction of function of the corporation, the meaning of which is something less than the termination of the corporate life as brought about by dissolution. While it is true that a suspended corporation is under some disabilities as provided by Sec. 59–13–62, U.C.A.1953, and cannot engage in carrying forward its business,[3] and that penalties are provided against persons who attempt or purport to do so, there is no express provision that it is without capacity to sue. The next succeeding section, 59–13–63, manifests a recognition that the corporate entity still exists and has certain powers during suspension because it provides

for taxation of any business that may have been done during suspension and for reinstatement upon application and payment of its delinquencies and appropriate fees.

Closely related to the foregoing is the fact that the basic objective in suspending a corporation is to compel it to pay its corporate franchise taxes. Therefore it is logical to suppose that the suspension is intended primarily to affect the relationship between the corporation and the state; and there is no reason to believe it was intended to confer an advantage upon a tort-feasor, who may have wrongfully damaged the corporation. If he were so protected, it is conceivable that the one who had wrongfully taken corporate assets may thus have rendered it unable to pay its taxes and thereby effectively prevented the corporation from suing him to recover the assets which he wrongfully withholds. Whereas, if the corporation is able to sue or defend and thus protect its assets, there is a better prospect that the purpose of the suspension will be achieved by enabling the corporation to pay its taxes and recover from the suspension as the law seems to contemplate.[4]

▪ On the basis of what we have said above, it is our opinion that the trial court should not have dismissed the action upon

2. That a corporation whose charter has been suspended has life and may be sued, see Warren v. Dixon Ranch, 123 Utah 416, 260 P.2d 741.

3. Cf. Houston v. Utah Lake Land, Water & Power Co., 55 Utah 393, 187 P. 174, 47 A.L.R. 1282, which indicates that the

right of a corporation whose charter had been forfeited, to wind up its affairs, did not authorize it to engage in new business.

4. That payment of delinquencies by a corporation under suspension enables it to maintain suit, see Maryland Cas. Co. v.

the ground that the plaintiff corporation lacked capacity to maintain the suit, but that it should have been permitted to have a determination upon the merits. Remanded for proceedings not inconsistent with this opinion. Costs to plaintiff (appellant). (All emphasis added.)

CALLISTER, TUCKETT and ELLETT, JJ., and JOHN F. WAHLQUIST, District Judge, concur.

HENRIOD, J., not participating.

Superior Court, 91 Cal.App. 356, 267 P. 169; Industrial Coordinators, Inc. v. Artco, Inc., 366 Mich. 313, 115 N.W.2d

123. Cf. cases contra under varying wording of statutes, see 6 A.L.R.3d 341.