**C. Eugene LARSEN, Sr., Plaintiff and Appellant,**

v.

**ASSOCIATES FINANCIAL SERVICE COMPANY, INC., a corporation, and Northwest Acceptance Corporation, a corporation, Hugh Gardner, Donald H. Wagstaff, Jr., Universal Diamond Reo Sales and Service, and Universal Distributing Company, Inc., Defendants and Respondents.**

No. 14815.

Supreme Court of Utah.

May 24, 1977.

Glen M. Hatch and Leslie A. Lewis, Biele, Haslam & Hatch, Salt Lake City, for plaintiff and appellant.

Scott H. Clark, Fabian & Clendenin, Gary Howe, Paul N. Cotro-Manes, Cotro-Manes, Warr, Fankhauser & Beasley, Salt Lake City, for defendants and respondents.

HALL, Justice.

Plaintiff appeals from a judgment of the District Court of Salt Lake County holding that an execution sale conducted in another case was invalid because it did not comply with law. In that case plaintiff had obtained a judgment against Universal Diamond Reo Sales and Service which was in the business of selling vehicles on contract and assigned various such contracts to the defendants here. Some of the contracts were

paid in full and some held reserves which plaintiff claims and which are in controversy here.

The writ of execution in question was issued on February 5, 1974, by the Clerk of the District Court and was directed to the Sheriff of Salt Lake County. The praecipe attached was also directed to him. The sale was conducted by William L. McIff, a Deputy Constable of the Eleventh Precinct of Salt Lake County, Utah, on April 10, 1974. Subsequent to the entry of judgment, but prior to the sale, an assignment of the reserves was made which plaintiff here claims was void as a fraud of creditors.

Plaintiff assigns as error the trial court's ruling, as a matter of law, that a constable cannot conduct a judicial sale and that plaintiff had failed to meet its burden of proof on the issue of an assignment in fraud of creditors.

Rule 69(b), Utah Rules of Civil Procedure, specifically provides that a Writ of Execution *must* be directed to the *Sheriff* of the county where the property to be sold is situated and its language reads as follows:

(b) Contents of Writ and to Whom it May be Directed. The writ of execution must be issued in the name of the state of Utah, sealed with the seal of the court and subscribed by the clerk. It may be issued to the sheriff of any county in the state (and may be issued at the same time to different counties) but where it requires the delivery of possession or sale of real or personal property, it must be issued to the sheriff of the county where the property or some part thereof is situated. It must intelligibly refer to the judgment, stating the court, the county where the same is entered or docketed, the names of the parties, the judgment, and, if it is for money, the amount thereof, and the amount actually due thereon. It shall be directed to the sheriff of the county in which it is to be executed and shall require the officer to proceed in accordance with the terms of the writ; provided that if such writ is against the property of the judgment debtor generally it shall direct the officer to satisfy the judgment, with interest, out of the personal property of the debtor, and if sufficient personal property cannot be found, then out of his real property.

A constable derives his powers and duties from statute [1] which provides as follows:

17–25–1. General powers and duties.— Every constable shall attend the court of the justice of the peace within his precinct whenever so required, and within his county shall execute, serve and return all process and notices directed or delivered to him by a justice of the peace of such county or by any competent authority, and shall perform such other duties as are prescribed by law; provided, that in cities where a city court exists constables may serve all civil process, notices and writs of the city courts of such cities.

A rule of further interest here is 4(m), Utah Rules of Civil Procedure, which reads as follows:

(m) Service by Constable. All writs and process, including executions on judgments, issued out of a district, city or justice court in a civil action or proceeding may be served by any constable of the county.

This rule was adopted without any amendment of Rule 69, supra, which specifically covers the matter of *judicial sales* as distinguished from mere service of process treated in Rule 4(m).

In *Rich v. Industrial Commission* [2] this court determined that a constable has no authority to serve process in civil actions except as such power is conferred upon him by statute and it necessarily follows that the courts are without authority to legislate otherwise by rules of procedure. Consequently, if any conflict exists between said Rules 69(b) and 4(m), said statutory authority must be looked to in order to resolve the issue.

■ A close review of said Rule 4(m) reveals that it provides generally for the

1. 17–25–1, U.C.A.1953.

2. 80 Utah 511, 15 P.2d 641 (1932).

service of process but is silent as to any authority to conduct judicial sales. Rule 69(b), on the other hand, deals specifically with judicial sales and in mandatory[3] language states the writ of execution shall be directed to the sheriff. Certainly in this respect no conflict exists between the rules of procedure in question.

█ It is not to be overlooked also that the writ of execution was in fact issued to the Sheriff of Salt Lake County and not to the Constable. Clearly then, the Constable had no authority whatsoever to act by the very nature of the writ itself and the trial court was correct in its ruling.

█ As to the remaining assignment of error as to the assignment of corporate assets during suspension in fraud of creditors, the trial court properly observed that plaintiff, at the time of trial, chose not to present any evidence to substantiate his claim of transfer without consideration, while under suspension and in fraud of creditors and made findings, conclusion of law and judgment accordingly. In the absence of any such evidence, plaintiff clearly failed in his burden of proof and the ruling should not be disturbed on appeal.[4]

Section 16–10–101, U.C.A.1953, allows a suspended corporation to continue its corporate existence to wind up its affairs after dissolution[5] and an insolvent corporation may prefer one creditor over another.[6]

Affirmed. Costs to defendants.

ELLETT, C. J., and CROCKETT and WILKINS, JJ., concur.

MAUGHAN, J., concurs in result.

3. *Colman v. Utah State Land Board,* 17 Utah 2d 14, 403 P.2d 781 (1965).

4. *Koesling v. Basamakis,* Utah, 539 P.2d 1043 (1975); Rule 1(5), Utah Rules of Evidence.

5. *Mackay and Knoble Enterprises, Inc. v. Teton Gas, Inc.,* 23 Utah 2d 200, 460 P.2d 828 (1969).

6. *Passow & Sons v. Wetherbee,* 50 Utah 243, 167 P. 350 (1917) *Cheney v. San Francisco Mines, Inc. et al.,* 101 Utah 524, 125 P.2d 424 (1942).