AMESCO EXPORTS, INC., dba Amesco, a California corp.; and Nejat Munisoglu, an individual, plaintiffs,

v.

ASSOCIATED AIRCRAFT MANUFAC-TURING & SALES, INC., a Florida corp., Defendant.

No. CV 96–5417 SVW(CTx).

United States District Court, C.D. California.

April 29, 1997.

Robert T. Moore, II, Moore, Sorenson & Horner, Beverly Hills, CA, Kevin M. Fillo, Kevin M. Fillo Law Offices, Ventura, CA, Elizabeth Munisoglu, Elizabeth Munisoglu Law Offices, Beverly Hills, CA, for Plaintiffs.

James J. McDonald, Jr., Nancy E. McAllister, Fisher & Phillips, Newport Beach, CA, for Defendant.

## ORDER DISMISSING CASE

WILSON, District Judge.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

## I. BACKGROUND.

This action is brought by plaintiffs AMESCO Exports and Nejat Munisoglu, an individual, against defendant Associated Aircraft Manufacturing and Sales, Inc., for breach of contracts. Specifically, plaintiffs seek to recover commissions owed on two alleged contracts, one written and one oral.

The written contract was entered into between defendant and AMESCO on August 10, 1991, wherein AMESCO was granted the exclusive right to represent defendant in the sale of aircraft parts in the "Territory" which was defined as consisting of the following countries: Turkey, Jordan, United Arab Emirates, Saudi Arabia, Bahrain, Egypt, Oman, Kuwait, Muscat, Lebanon, Morocco, Tunisia and Greece. In return, AMESCO agreed to use its best efforts to procure sales for defendant in exchange for a commission of 8% of the gross contract amount awarded to defendant. Defendant contends that AMESCO failed to use its best efforts to procure sales for defendant and thus, defendant does not owe plaintiffs.

The oral agreement was allegedly entered into in or about August and September 1993, wherein AMESCO was to provide assistance to defendant in getting bids for parts from the Portuguese Air Force, ("PAF").

## II. DISCUSSION.

A. *AMESCO Lacks Capacity to Sue on the Contracts.*

■ AMESCO's corporate status was suspended by the Secretary of State as of January 3, 1995 for nonpayment of taxes. Rule 17(b) of FRCP states in pertinent part: "[t]he capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." AMESCO is a California corporation. A suspended corporation cannot prosecute or defend an action in a California court. *Ransome–Crummey Co. v. Sup.Ct.*, 188 Cal. 393, 205 P. 446 (1922); *Alhambra–Shumway Mines, Inc. v. Alhambra Gold Mine Corp.*, 155 Cal.App.2d 46, 317 P.2d 649 (1957). A corporation's incapacity to sue or defend in state court also precludes it from suing or defending in federal court. *Matter of Christian & Porter Aluminum Co.*, 584 F.2d 326 (9th Cir.1978).

Rule 41(b) of the FRCP provides that it is proper to dismiss an action for failure to comply with the FRCP. As AMESCO has failed to comply with FRCP Rule 17 (b), its claims on the written and oral contracts is dismissed.

B. *Munisoglu May Not Sue on Either Contract.*

■ Plaintiff argues that Munisoglu has the right to sue on the contracts because the contracts were for the purpose of benefiting Munisoglu as an individual and that defendant knew it. However, as to the written contract, he signed the written contract only in his capacity as the executive officer of AMESCO. Further, as to the oral contract, plaintiff's counsel admitted at the hearing that any money that would have been paid pursuant to the oral contract would have been in the form of a check made out to AMESCO and that AMESCO would have been the one to report the income gained from the oral contract. Thus, the court concludes that he was not a party to the oral contract as an individual, but rather, only AMESCO was a party to it.

■ Munisoglu asserts that defendant knew the contracts were for the purpose of benefiting him as an individual as he had hundreds of conversations with Frank Seguin of the defendant company over a number of years. However, plaintiff's authorities on this point are distinguishable.

Plaintiff relies on *Sutter v. General Petroleum Corp.*, 28 Cal.2d 525, 170 P.2d 898 (1946), for the proposition that a stockholder can sue as an individual for a wrong done by a third person to the corporation where he is directly and individually injured. In *Sutter,*

the injury was caused by defendant's fraud which induced plaintiff to organize and invest in a corporation to take over an oil and gas lease and abandon his own petroleum development projects. The stock in the new corporation became valueless because of defendant's fraud. The Court stated that:

> if the injury is one to the plaintiff as a stockholder and to him individually, and not to the corporation, as where the action is based on a contract to which he is a party, or a right belonging severally to him, or on a fraud affecting him directly, it is an individual action.

28 Cal.2d at 530, 170 P.2d 898 (citations omitted). Plaintiff, as an individual, is not a party to either contract, he has not alleged he has any severable right nor that there was fraud affecting him directly. Thus, he fails to meet this standard.

Moreover, the *Sutter* Court focused on the fact that the defendants fraudulently induced the plaintiff to form and invest in the corporation and found that was a large part of the injury to plaintiff. There is no allegation of fraud in the instant case and certainly no allegation that the corporation was formed due to defendant's fraudulent inducement.

Further, if the court were to allow Munisoglu to sue as an individual on the written contract, to which he is not a party, it would create a mechanism for him to get around the fact that the State of California has suspended AMESCO and *inter alia,* its right to sue. This was not an issue in *Sutter,* and in fact, the *Sutter* court stated that in such a case where the plaintiff may sue as an individual, the corporation may also have a cause of action for the same wrong. *Id.* Thus, *Sutter* does not apply to plaintiff's situation.

The other case plaintiff cites is *Lucas v. Hamm,* 56 Cal.2d 583, 15 Cal.Rptr. 821, 364 P.2d 685 (1961), for the argument that when a contract is intended to benefit a third party, the third party may sue on the Contract if the promisor understood that the promisee had that intent. However, this is not a third party beneficiary situation. A third party beneficiary is created when the contract is made expressly for the benefit of a third person. California Civil Code § 1559. Normally a third party beneficiary is involved when either (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary or (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance. Rest.2d Contracts § 302. In this case, AMESCO was to receive money from the defendant in exchange for arranging sales of defendant's products. But the contract was not entered into by the corporation with the intention of fulfilling an obligation to pay money to Munisoglu. Rather, as a shareholder of AMESCO, he receives an incidental benefit from the contract. To find otherwise would indicate that any shareholder may sue on any contract upon which the corporation was a signatory. This is clearly too broad a finding.

Further, the court should not even find that where the corporation only has one shareholder, as here, that the shareholder is a third party beneficiary of any contract of which the corporation is a signatory because that would defeat the purpose of creating the corporation and using it as the signatory. That is, when one creates a corporation as the sole shareholder and uses the corporation to sign contracts, the person is using the corporation as a shield from individual liability. To allow that individual to sue on a contract signed only by the corporation would be to allow that person the benefits of a corporation without the limitations. If one wishes to preserve the right to sue as an individual in this situation, one may sign the contract as an individual.

Thus, it does not matter that he was the sole shareholder and that the defendant knew he was behind the corporation and would do the work and receive the money in the end. He choose to use the corporation as the signatory and he shall be held to the consequences of that decision.

Accordingly, neither AMESCO nor Munisoglu as an individual may sue on either of the contracts.

C. *The Dispute About Whether Plaintiff Has Sufficiently Shown He May Recover An Amount Exceeding $50,000 Is Moot.*

In light of the court's findings above, the amount in controversy issue is moot.

D. *Conclusion.*

The complaint only states two claims, one for breach of the written contract and one for breach of the oral contract. In light of the court's finding that AMESCO was the only party to the contract (besides the defendant) and that Munisoglu as an individual was not party, and that AMESCO may not sue in federal court, the case is dismissed in its entirety. Accordingly, the trial date is vacated.

IT IS SO ORDERED.