[L. A. No. 9518. Department Two.—October 30, 1928.]

W. A. USHER, Respondent, v. G. V. HENKEL, Appellant.

414

Catherine A. McKenna and J. Irving McKenna for Appellant.

Emmet H. Wilson and Randall J. Hood for Respondent.

LANGDON, J.—Appeal by defendant from a judgment against him in an action to quiet title to a certain parcel of land in Los Angeles County. It was stipulated at the trial that the Southern Land Company, a corporation, became the owner of the property by deed dated July 10, 1916. In 1922, the plaintiff received a tax deed from the tax collector of Los Angeles County for the property involved in the action and subsequently commenced an action against the said Southern Land Company and procured a decree against the said company quieting his title to said property.

The defendant claims title to the property by virtue of a purported deed from Southern Land Company to Jose-

phine Blanchard and a deed from Blanchard to the defendant; also by virtue of a decree purporting to quiet title in the defendant herein as substituted plaintiff in an action entitled *Josephine Blanchard* v. *W. A. Usher et al.*

In July, 1916, a corporation entitled the Southern Land Company was organized under the laws of the state of California, with its principal place of business at Los Angeles, California. It acquired the property in controversy by deed. Thereafter, in 1921, this corporation failed to pay its license tax and a declaration to that effect was duly filed in the office of the county clerk by the state controller on March 29, 1921, as provided by law. By reason of said failure of said Southern Land Company to pay its tax its corporate powers, rights and privileges were suspended March 5, 1921, as appears from the certificate of the state controller. These corporate powers, rights and privileges were revived on December 6, 1924, by appropriate proceedings.

In September, 1922, the Southern Land Company, by Brush, its secretary, and Raum, its vice-president, executed and delivered to Josephine Blanchard, as grantee, a deed to the property under consideration. While this deed is dated September, 1920, it was not executed or delivered until two years later, according to the testimony in the record, and at the time of its execution and delivery the corporation was without powers and continued so until its revival in 1924.

In July, 1922, the plaintiff purchased the land at a tax sale for delinquent taxes of 1916. The proceedings incident to this purchase will be discussed hereinafter.

In October, 1922, Josephine Blanchard commenced an action to quiet title against the plaintiff here and alleged trustees of the Southern Land Company, reciting the fact that said corporation had failed to pay its license tax and had forfeited its charter thereby, and that Raum and Brush were members of the board of directors at the time of the failure to pay the tax and still were such and were resulting trustees of said corporation. Service was had upon these parties and their defaults taken. The action was dismissed before trial as to the defendant Usher, the present plaintiff, and he was not a party to the decree purporting to quiet the title of the plaintiff in that action against the defendants therein. Before the decree was entered Josephine

Blanchard conveyed her rights to one G. V. Henkel and the judgment was taken in his name.

Since it is obvious from the facts herein recited that Josephine Blanchard could receive nothing under the deed from Southern Land Company, since that company had no powers at the time said deed was executed and delivered, it remains to be considered whether or not the decree in the action just mentioned has any force and effect. The present plaintiff was not a party to said decree and is not estopped thereby. Did said decree operate to vest plaintiff in said action with all the right, title, and interest of the Southern Land Company in said land? It is maintained by respondent that said decree is void upon its face because the judgment-roll discloses that the Southern Land Company was not sued and there were no trustees of the said company who could be sued. The complaint is entitled: "Josephine Blanchard, plaintiff, v. W. A. Usher, and W. S. Brush, Geo. B. Raum and One Doe, as trustees of Southern Land Company, a corporation, whose charter is forfeited; Two Doe and One Doe Company, a corporation, defendants." The complaint alleges: "That defendant, One Doe Company, is now and at all times herein mentioned was a corporation organized and existing under and by virtue of the laws of the state of California; that defendants W. S. Brush, Geo. B. Raum and One Doe are now and at all times since the 5th day of March, 1921, have been trustees of the Southern Land Company; that on March 5th, 1921, the charter of the said corporation was forfeited for nonpayment of taxes due to the state of California, and on said date said defendants were the directors of said corporation."

Under the law then existing there was no provision for the forfeiture of the charter of the corporation because of its nonpayment of taxes, but its right to transact business was suspended by operation of law. (Stats. 1917, pp. 371, 377; Pol. Code, sec. 3669c, subd. 2; *Ransome-Crummey Co. v. Superior Court,* 188 Cal. 393 [205 Pac. 446]; *Rossi* v. *Caire,* 186 Cal. 544, 549 [199 Pac. 1042].) The decree in the action brought by Josephine Blanchard to quiet title contains the following recital: "That it further appearing to the court that the action has been dismissed as to the defendant W. A. Usher and that Geo. B. Raum and W. S. Brush, as trustees for the Southern Land Company were

duly and regularly served with summons and complaint in this action, and that the Southern Land Company is a defunct corporation, whose charter is forfeited for nonpayment of the state corporation tax, and that the said Geo. B. Raum and W. S. Brush are the surviving members of the last board of directors of the said Southern Land Company.''

As we have shown, the Southern Land Company was not a party to the said action; it was never served with process; its default was never entered and the decree does not purport to be against the said company, but is against certain persons described as trustees. We think the contentions of the respondent are correct that, under the existing facts and law, there were no trustees for the corporation and that the decree is a nullity in so far as it attempts to bar any rights of the Southern Land Company. In the case of *Ransome-Crummey Co.* v. *Superior Court, supra,* it is pointed out that by the Statutes of 1917, page 377, ''the corporate rights, privileges and powers of every corporation which has failed to pay the (license) tax shall be suspended, and that all corporate powers, rights and privileges so suspended might be revived and restored to full force and effect as provided by the statute.'' It is also pointed out in the said decision that under subdivision 2 of section 3669c of the Political Code it is likewise provided that ''the corporate rights, privileges and powers of each domestic corporation which has failed to pay said tax'' shall be suspended and incapable of being exercised for any purpose, except to defend any action brought in court against such corporation. The court further points out that before the enactment of the above-mentioned statute the penalty imposed upon a corporation for failure to pay its license and franchise taxes was a forfeiture of its charter and that after such forfeiture the corporation was governed by the rules relating to dissolved corporations. The court then said: ''Under the terms of the present statute, the penalty for nonpayment of license and franchise taxes has been changed, and the result of such nonpayment is no longer a forfeiture of its charter and consequent dissolution of the corporation, but only a suspension of its rights, powers and privileges, with a provision for revivor. Furthermore, the statutes above quoted expressly provide that there shall be no dissolution

of a corporation until all license and other taxes have been paid.''

Under the former law, when the charter was forfeited, the directors then in office became the trustees of the creditors and of the stockholders of the corporation. Under the present law, however, the charter is not forfeited, the corporation does not become defunct and there are no trustees. It appearing, therefore, on the face of the judgment-roll, that the court did not acquire jurisdiction of the corporation and that there were no trustees for said corporation, the judgment purporting to quiet title in the defendant as against such corporation is a nullity and is subject to collateral attack.

It appears, therefore, that the defendant and appellant has established no title to the property in question. But he attacks the title of the plaintiff upon numerous grounds. It is objected first that the tax deed shows on its face that the sale took place more than twenty-eight days after the first publication of notice of sale. (Sec. 3764, Pol. Code.) The sale was had on July 7, 1922, and the deed recited that the sale was a continuation of the sale of the third day of July, 1922, and that said sale was continued from day to day in accordance with section 3771a of the Political Code. In the case at bar, the tax collector published his notice of sale on June 8, 1922, and gave notice that the sale would take place on July 3, 1922, and would be ''continued from day to day thereafter if additional time is required to complete the sale.'' It is obvious that it might be impossible for the tax collector to sell all the property advertised in one day, and this being true, he would have power to continue the sale from day to day, as was done. Some of the property was sold on July 3d and the sale was continued to July 5th and then to July 6th, etc., up to the eleventh day of July, property being sold on each day.

It is contended by appellant that the property was sold for an excess of one cent over the sum of taxes assessed against the property. A reference to the portions of the transcript printed in the brief of respondent shows this contention to be without merit.

It is further contended that the tax deed was void because the tax collector did not mail the notice of sale, as

provided in section 3771a of the Political Code, to the last known address of the party to whom the property was assessed. The property was assessed to George E. Hart, and the notice was mailed to 1010 West Washington Street, Los Angeles, on June 10, 1922, and returned to the tax collector on July 12th of that year. Section 3786 of the Political Code makes the deed *prima facie* evidence that the property was "sold as prescribed by law," including the proper notice properly given. To overcome this presumption defendant introduced evidence that in 1916 and in 1921 the property was assessed to George E. Hart, no address appearing on the assessment-roll. There is no testimony as to the person to whom it was assessed during the intermediate years, or the address of such person. We must presume, therefore, in aid of the judgment and in accordance with the presumptions of the deed, that the name of Hart appeared as the person to whom the property was assessed, with the address to which the notice was directed, during one of these intermediate years and that the notice was mailed, therefore, to the last address appearing in the assessment-roll.

It is also claimed that the affidavit required by law of the tax collector and auditor to the delinquent roll was not in proper form. Neither the original delinquent assessment-roll nor a properly authenticated copy thereof was introduced in evidence, so the point is not presented by the record.

However, we shall consider no further the objections urged by appellant with reference to the tax deed to plaintiff. We think they are all without merit, but, be that as it may, the conclusion which we have reached with reference to the invalidity of the attempted transfer of title to Josephine Blanchard, and of the attempt on her part to quiet title against the Southern Land Company, would leave outstanding in that company any rights which were not transferred to plaintiff by said tax deed and these were successfully acquired by plaintiff in the subsequent action to quiet title against the Southern Land Company, after he had paid the license tax and secured the revival of the corporate powers of said company.

Judgment is affirmed.

Richards, J., and Shenk, J., concurred.