[Civ. No. 6218. Second Appellate District, Division One.—July 11, 1929.]

SOUTHERN LAND COMPANY (a Corporation), Respondent, v. HERMAN A. PAULK et al., Appellants.

Catherine A. McKenna and J. Irving McKenna for Appellants.

Randall J. Hood and Emmett H. Wilson for Respondent.

HOLLZER, J., *pro tem.*—Defendants appeal from a decree quieting title in favor of plaintiff. At the trial it was stipulated that in 1916 plaintiff became the owner of the property in question. Defendants claim title by virtue of a decree quieting title to the same property, entered June 9, 1923, in another action, wherein one Joseph Blanchard was plaintiff and H. A. Paulk and W. S. Brush, George B. Raum and One Doe, as trustees of Southern Land Company, an alleged defunct corporation, and certain fictitious named persons, were defendants.

By the decree in that action, hereinafter referred to as the Paulk case, Paulk was substituted as party plaintiff and he was adjudged to be the owner of the property as against all of the remaining parties. In the action at bar the only evidence offered on behalf of the defendants was the judgment-roll in the Paulk case, and, upon plaintiff's objection, the trial court refused to admit the judgment-roll in evidence.

The argument advanced in appellants' brief proceeds upon the assumption that not only this judgment-roll but also that other documents had been received in evidence. The record, however, discloses that the offers to introduce all evidence of a documentary nature, with the exception of the previously mentioned judgment-roll, were withdrawn. Although no point is raised with respect to the ruling of the lower court in rejecting the offer to introduce this judgment-roll, we shall assume that counsel by this appeal really intend to attack such ruling and are seeking a reversal on that ground.

Virtually the precise question involved in the action at bar was presented, and determined adversely to the contention of appellants, in the case of *Usher* v. *Henkel*, 205 Cal. 413 [271 Pac. 494], hereinafter referred to as the Usher case. In that action it was stipulated at the trial that the Southern Land Company, a corporation, had become the owner of certain property in July, 1916. It further appeared that

Usher subsequently had received a tax deed to the same property and thereafter had procured a decree against the said company quieting his title to the said property. In the case cited Usher brought suit to quiet title against one G. V. Henkel, evidently the same Henkel who is one of the defendants in the present suit, and, incidentally, represented by the same counsel who now appear for appellants here. In the Usher case Henkel claimed title under a decree in an action, hereinafter referred to as the Henkel case, wherein Josephine Blanchard was the original plaintiff and said Henkel and Usher and said Brush, Raum and One Doe, as trustees of Southern Land Company, an alleged defunct corporation, and certain fictitious named persons, were defendants. The decree in the said Henkel case recited that suit had been dismissed as against Usher and that G. V. Henkel had succeeded to the rights of the plaintiff Blanchard and had been substituted as party plaintiff, and the decree further purported to quiet title in favor of Henkel as against the remaining parties.

In the Usher case the lower court entered a decree quieting title in his favor as against the defendant therein. Upon appeal that decree was affirmed by the Supreme Court, which in substance held that under the law in effect since 1917 (Stats. 1917, pp. 371–377; Pol. Code, sec. 3669c, subd. 2), the failure of the Southern Land Company to pay its taxes did not create a forfeiture of that corporation, nor cause it to become dissolved, but that such failure only suspended the corporation's right to transact business and, hence, there were no trustees of the company. Accordingly, since the company was not a party to that action and since the decree did not purport to be against the company, the Supreme Court held that the decree entered in the Henkel case was void upon its face as against the company, and did not operate to vest Henkel with the right, title or interest of the company in the property involved in that action.

 Upon the authority of the foregoing decision it must be concluded that in the case at bar the decree entered in the Paulk case was void upon its face as against the respondent herein, because the latter was not sued and there were no trustees of said company who could be sued in the last-mentioned action. Hence, such decree did not operate to

vest Paulk with the right, title or interest of the respondent in the property in question.

The only remaining point mentioned in appellants' brief is to the effect that the action was barred by the provisions of section 341, subdivision 3 of the Code of Civil Procedure. In that connection it is further asserted that no finding of the court was made on the issue of the statute of limitations. Such defense was pleaded in an amendment to defendants' answer and the court expressly found ''That none of the allegations contained in the amendment to defendants' answer herein filed by leave of the court on the 5th day of May, 1926, is true.''

Subdivision 3 of section 341 of the Code of Civil Procedure, prescribes six months as the period within which an action may be commenced ''To set aside or invalidate any action taken or performed by a majority of the *trustees of any corporation heretofore or hereafter dissolved by operation of law,* including the revivor of any such corporation.'' (Italics ours.)

The decision in the Usher case, *supra,* wherein it was held in substance that the failure of the Southern Land Company to pay its franchise tax did not cause a forfeiture or a dissolution of the corporation and hence did not create any trustees thereof, is determinative of the special defense here raised.

For the reasons herein set forth the judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.