[Civ. No. 12466. Second Appellate District, Division Two.—February 5, 1940.]

OCEAN PARK BATH HOUSE & AMUSEMENT COMPANY (a Corporation), Respondent, v. PACIFIC AUTO PARK COMPANY (a Corporation), Appellant.

Carl C. Katleman and A. A. Rotberg for Appellant..

Louis Lieber, Jr., for Respondent.

WOOD, J.—Respondent has presented a motion to dismiss the appeal. It appears from a certificate of the secretary of state that on January 6, 1938, the Franchise Tax Commissioner, pursuant to the provisions of section 32 of the California Bank and Corporation Franchise Tax Act, submitted a report wherein appeared the name of appellant corporation as having failed to pay, prior to the time prescribed by said section 32, the tax or any portion or installment thereof as computed and levied under said act and that in accordance with section 32 the suspension of the corporate powers, rights and privileges of the appellant corporation became effective upon the recordation of the report in the office of the secretary of state. It further appears from the certificate that appellant corporation has not been reinstated pursuant to the provisions of the act.

It is provided in section 32 of the California Bank and Corporation Franchise Tax Act (Deering's Gen. Laws, Act 8488) that for failure to pay the taxes levied thereunder, "the corporate powers, rights, and privileges of the delinquent taxpayer, if it be a domestic corporation, shall be suspended and shall be incapable of being exercised for any purpose or in any manner except for the purpose of amending the articles of incorporation to set forth a new name, and the officers, directors and stockholders or members of any such corporation may take such action in their respective capacities as may be required by law in order to amend the articles of incorporation for such purpose. . . . " In *Boyle* v. *Lakeview Creamery Co.*, 9 Cal. (2d) 16 [68 Pac. (2d) 968], the issue now before us was before the Supreme Court for determination and it was there held that "the appellant corpora-

tion has lost the right to defend the suit in question, and since it has no right to defend, it has no right to appeal from an adverse decision". In view of this decision of the Supreme Court the motion to dismiss the appeal must be granted.

The appeal is dismissed.

Moore, P. J., and McComb, J., concurred.