[Civ. No. 26953.    Second Dist., Div. Three.    June 17, 1964.]

BELLE VISTA INVESTMENT COMPANY, Cross-complainant and Respondent, v. ERWIN E. HASSEN, Cross-defendant and Appellant.

Irmas & Rutter and William A. Rutter for Cross-defendant and Appellant.

Joseph W. Fairfield, Ethelyn F. Black and Fairfield & Richman for Cross-complainant and Respondent.

FORD, J.—This is an appeal by cross-defendant Erwin E. Hassen from a judgment in favor of Belle Vista Investment Company, a corporation. In lieu of both a reporter's and clerk's transcript, the appellant presents his appeal wholly on a settled statement. (Cal. Rules of Court, rule 7(b).) He has designated two points to be raised by him on appeal. We have determined that it is necessary to consider only the question raised as to the legal effect of the fact that at the time of the rendition of the judgment the corporate powers, rights and privileges of the cross-complainant had been suspended because of failure to pay the franchise tax required of it as a domestic corporation. (See Rev. & Tax. Code, § 23301.)[1]

Pertinent portions of the settled statement are in substance as follows: On June 16, 1958, the City National Bank of Beverly Hills filed this action to recover from Jay Miles, Inc., a corporation, a balance of approximately $63,000 due to it upon a promissory note. Persons who had guaranteed payment of the note, including Erwin E. Hassen and Herman Kaye, were named as codefendants. Thereafter Kaye paid to the bank the unpaid balance and received an assignment of the note. On June 8, 1959, he filed an amended and supplemental cross-complaint against Jay Miles, Inc., and other persons, including the guarantors, in which he sought "indemnification and contribution from the co-guarantors." On December 24, 1959, Kaye assigned his rights and causes of action relating to the note to Belle Vista Investment Company, a corporation, and Bella Vista Community Hospital, a

---

[1]Section 23301 of the Revenue and Taxation Code is in part as follows: "Except for the purpose of amending the articles of incorporation to set forth a new name, the corporate powers, rights and privileges of a domestic taxpayer shall be suspended, and the exercise of the corporate powers, rights and privileges of a foreign taxpayer in this State shall be forfeited if any of the following conditions occur: (a) If any tax, penalty or interest, or any portion thereof, which is due and payable either at the time the return is required to be filed, or on or before the fifteenth day of the ninth month following the close of the income year, is not paid on or before 6 o'clock p.m. on the last day of the twelfth month after the close of the income year; or . . . ."

corporation. The assignees were substituted as the cross-complainants on November 29, 1960. The case came on for trial on March 5, 1962. Judgment was entered on May 18, 1962, in favor of the cross-complainant Belle Vista Investment Company and against cross-defendant Hassen for the principal sum of $10,500, together with accrued interest and costs. On June 25, 1962, cross-defendant Hassen's motion for a new trial was denied. Thereafter, on September 11, 1962, cross-defendant Hassen filed a motion to vacate the judgment on the ground that he "had just discovered the fact that said corporation had been suspended at all times since February 1, 1960, for non-payment of the corporate franchise tax, as provided in section 23302 of the Revenue and Taxation Code."[2] The motion was supported by a "Certificate of Filing and Suspension" of the Secretary of State which had been filed in the case by the county clerk on order of the court on August 10, 1962. When the motion was heard on September 21, 1962, there was before the court a "Certificate of Revivor" issued by the Franchise Tax Board on September 19, 1962, wherein the board certified that, as to the cross-complainant corporation, "the corporate powers, rights and privileges ... are hereby reinstated and revived to good standing in this State."[3] On October 10, 1962, the superior court denied the motion, its order, however, being in part as follows: "The Court refuses to entertain the motion, on the ground of want of jurisdiction, since appeal is pending[4] and Court cannot say the judgment is beyond doubt void in the absolute sense." A motion for reconsideration was thereafter denied.

---

[2]Section 23302 of the Revenue and Taxation Code is as follows: "The Franchise Tax Board shall transmit the name of such delinquent taxpayer to the Secretary of State, and the suspension or forfeiture herein provided for shall thereupon become effective and the certificate of the Secretary of State shall be prima facie evidence of such suspension or forfeiture."

[3]Section 23305 of the Revenue and Taxation Code is in part as follows: "Any taxpayer which has suffered the suspension or forfeiture provided for in section 23301 may be relieved therefrom upon making application therefore in writing to the Franchise Tax Board and upon payment of the tax and the interest and penalties for nonpayment of which the suspension or forfeiture occurred, together with all other taxes, deficiencies, interest and penalties due under this part, and upon the issuance by the Franchise Tax Board of a certificate of revivor. ..."

[4]The notice of appeal from the judgment was filed on July 25, 1962.

On this appeal there is no factual dispute with respect to the period of time during which the corporation suffered the suspension of its corporate powers, rights and privileges. ▮ Accordingly, in view of the nature of the legislative mandate embodied in the pertinent statutory provisions, as more fully discussed hereinafter, this court must consider the legal effect of such suspension when the suspension is brought to its attention by means of the certificate of the Secretary of State, even though the matter was first presented by the cross-defendant and appellant Hassen after the entry of judgment and the filing of the notice of appeal. (Cf. *Ocean Park etc. Co.* v. *Pacific Auto Park Co.*, 37 Cal.App.2d 158 [98 P.2d 1068].)

At the time of the trial and until after the entry of judgment the suspension of corporate powers, rights and privileges was in effect. ▮ As stated in *Reed* v. *Norman,* 48 Cal.2d 338, at page 343 [309 P.2d 809]: "On the issue of suspension of the corporation for failure to pay franchise tax, it is true that under the corporation law (Rev. & Tax. Code, §§ 23301, 23302, *supra*) the corporation may not prosecute or defend an action, nor appeal from an adverse judgment in an action while its corporate rights are suspended for failure to pay taxes (*Boyle* v. *Lakeview Creamery Co.,* 9 Cal.2d 16 [68 P.2d 968]; *Ocean Park etc. Co.* v. *Pacific Auto Park Co.,* 37 Cal.App.2d 158 [98 P.2d 1068]; *Baker* v. *Ferrel,* 78 Cal.App.2d 578 [177 P.2d 973]; *Fidelity Metals Corp.* v. *Risley,* 77 Cal.App.2d 377 [175 P.2d 592]), ..." (See also *Alhambra-Shumway Mines, Inc.* v. *Alhambra Gold Mine Corp.,* 155 Cal.App.2d 46, 48-51 [317 P.2d 649]; *Schwartz* v. *Magyar House, Inc.,* 168 Cal.App.2d 182, 188 [335 P.2d 487].) ▮ The policy underlying the pertinent statutory provisions "is clearly to prohibit the delinquent corporation from enjoying the ordinary privileges of a going concern, in order that some pressure will be brought to bear to force the payment of taxes." (*Boyle* v. *Lakeview Creamery Co.,* 9 Cal.2d 16, 19 [68 P.2d 968]; see *Alhambra-Shumway Mines, Inc.* v. *Alhambra Gold Mine Corp., supra,* 155 Cal.App.2d 46, 49-50.) While the effect is drastic, except that liberal provisions for revivor mitigate the harshness of the rule of incapacity (see 2 Witkin, Cal. Procedure, p. 1013), this court is not free to alter the policy as determined by the Legislature. ▮ Since the cross-defendant corporation was not empowered to prosecute the action and thereby obtain judgment in its favor, and since the revivor did not validate the

acts undertaken during the period of suspension (see *Ransome-Crummey Co.* v. *Superior Court*, 188 Cal. 393, 398 [205 P. 446]),[5] the judgment cannot be given effect.

There may be cases in which it would be unreasonable to charge the corporation with responsibility for the suspension. (See *Reed* v. *Norman, supra*, 48 Cal.2d 338, 344.)[6] But this case is not of that nature. The record does not disclose that the suspension arose because of acts or omissions with which the corporation should not be charged.

The judgment is reversed.

Shinn, P. J., and Files, J., concurred.

A petition for a rehearing was denied July 15, 1964, and respondent's petition for a hearing by the Supreme Court was denied August 12, 1964.

---

[5]In the *Ransome-Crummey* case the Supreme Court stated (188 Cal., at p. 398): "The suspension of the rights, powers, and privileges is a disability imposed on a corporation as a penalty, and it would tend to deprive the statute of its force and encourage a corporation in default to postpone payment of its taxes indefinitely if it were held that by subsequent payment of the delinquent taxes all the benefits of the attempted acts denied to the corporation could be secured."

[6]In the *Reed* case, the Supreme Court stated (48 Cal.2d, at p. 344): "For another reason the appeal should not be dismissed on the last mentioned ground. Although the corporation was suspended for nonpayment of taxes January 4, 1952, the former appeal was decided on May 12, 1953, and the judgment herein was entered on January 24, 1956, defendants have at no time until the present motion to dismiss the appeal made any claim that the action could not proceed because of the suspension and it appears that the records and books of the corporation have been retained by defendants. It would thus seem that plaintiff, even assuming he could not maintain the action because of the suspension, should be given an opportunity of paying the taxes and reinstating the corporation."