[L. A. No. 28217.   In Bank.   April 17, 1967.]

THE TRAUB COMPANY, Plaintiff, Cross-defendant and Appellant, v. COFFEE BREAK SERVICE, INC., Defendant, Cross-complainant and Respondent; NAT KRUPP et al., Defendants and Respondents; LEON TRAUB, Cross-defendant and Appellant.

Leon B. Traub, in pro. per., and Herbert Lasky for Plaintiff, Cross-defendant and Appellant and for Cross-defendant and Appellant.

Milton Zerin and Morton Minikes for Defendant, Cross-complainant and Respondent.

No appearance for Defendants and Respondents.

BURKE, J.—Cross-defendants appeal from an order denying their motion to vacate and set aside a judgment which had already become final in favor of cross-complainant, a California corporation. The ground of the motion was that before entry of the judgment and continuously to the time of the motion the corporate powers of cross-complainant had been suspended under the provisions of section 23301 et seq. of the Revenue and Taxation Code[1] for failure to pay corporate taxes levied pursuant to the Bank and Corporation Tax Law.[2] We have concluded that the trial court was correct in its view that a final judgment is immune from the collateral attack attempted.

Plaintiff company instituted this action against defendant corporation in January 1960. The following month defendant filed its answer and also a cross-complaint against plaintiff and against Leon Traub. In August 1963 judgment was entered decreeing that cross-complainant is entitled to recover some $20,000 from cross-defendants. Following certain post-judgment enforcement proceedings, cross-defendants in September 1964 filed their notice of motion to vacate the judgment. They submitted in support of the motion a certificate from the Secretary of State of California showing that cross-complainant's corporate powers had been suspended on December 1, 1961, for nonpayment of its taxes, and had not been reinstated. The suspension had not previously been brought to the court's attention. On October 29, 1964, the trial court denied the motion with the statement that "The statutory appeal period has expired. The judgment is a final determination." This appeal by cross-defendants followed. On November 12, 1964, the corporate powers of cross-complainant were reinstated. (§ 23305.)

As ground for reversal, cross-defendants contend that the suspension of cross-complainant's corporate powers prior to rendition and entry of the judgment in its favor rendered the

---

[1]All section references are to the Revenue and Taxation Code.

[2]Section 23301 provides in pertinent part that for failure to pay such taxes "the corporate powers, rights and privileges of a domestic taxpayer shall be suspended, and the exercise of the corporate powers, rights and privileges of a foreign taxpayer in this State shall be forfeited . . ."

judgment void and subject to collateral attack even though the corporation's lack of capacity does not appear from the face of the judgment roll. This contention is without merit.

If lack of jurisdiction of a corporation is disclosed on the face of the judgment roll, a judgment against it is a nullity and is subject to collateral attack. (See *Usher* v. *Henkel* (1928) 205 Cal. 413, 418 [271 P. 494].) Thus in *Usher* the judgment itself recited that service of summons and complaint had been made on the surviving directors as trustees of the corporation "whose charter is *forfeited* for nonpayment of the state corporation tax" (italics added), although under the statute as long previously amended the penalty for nonpayment of such taxes by a domestic corporation had been changed to suspension rather than forfeiture. (See also *Crossman* v. *Vivienda Water Co.* (1907) 150 Cal. 575, 581 [89 P. 335], in which collateral attack was sustained as to a judgment against a corporation which had been dissolved before plaintiff had sued it; said the court (pp. 583-584), "the judgment was void for the reason that it was given against a corporation that had become legally dead. . . .")

However, a plea of lack of capacity of a corporation to maintain an action by reason of a suspension of corporate powers for nonpayment of its taxes "is a plea in abatement which is not favored in law, is to be strictly construed and must be supported by facts warranting the abatement" at the time of the plea. (*Maryland Cas. Co.* v. *Superior Court* (1928) 91 Cal.App. 356, 361 [4] [267 P. 169]; see also *Hall* v. *Citizens Nat. Tr. & Sav. Bank* (1942) 53 Cal.App.2d 625, 630 [1] [128 P.2d 545]; *Pacific Atlantic Wine, Inc.* v. *Duccini* (1952) 111 Cal.App.2d 957, 967 [9] [245 P.2d 622].) In each of the three cited cases the corporate plaintiff had been suspended before it filed its lawsuit, but after defendant had brought the suspension to the attention of the trial court the corporation secured reinstatement prior to trial. In each case it was held that revival of the corporate powers before trial was sufficient to permit the corporation to maintain the action.[3]

---

[3]See also: *Schwartz* v. *Magyar House, Inc.* (1959) 168 Cal.App.2d 182 [335 P.2d 487] in which plaintiff moved for judgment on the ground that defendant corporations, suspended before filing of the action, were barred from defending; it was held (pp. 187-189) that the trial court correctly granted defendants' motion for a continuance to permit them to secure reinstatement and thereafter participate in the trial, and that the court in its sound discretion could have continued the matter on its own motion.

*Alaska Salmon Co.* v. *Standard Box Co.* (1910) 158 Cal. 567, 570 [112 P. 454], in which the court states that "The corporate existence and general capacity of the plaintiff . . . being established by . . . the plead-

■ Since the suspended status of corporate powers at the time of filing of action by a corporation does not affect the jurisdiction of the court to proceed, it follows that such a suspension after the filing of action (or, as here, after the filing of a cross-complaint) but before rendition of judgment likewise does not deprive the court of jurisdiction or render the judgment void and subject to collateral attack after it has become final.

Our holding with respect to the final judgment here attacked is to be distinguished from cases holding that a suspended corporation not shown to have been reinstated lacks the right or capacity to defend an action or to appeal from an adverse decision. (See *Boyle* v. *Lakeview Creamery Co.* (1937) 9 Cal.2d 16, 20 [1] [68 P.2d 968]; *Ocean Park etc. Co.* v. *Pacific Auto P. Co.* (1940) 37 Cal.App.2d 158 [98 P.2d 1068]; *Reed* v. *Norman* (1957) 48 Cal.2d 338, 343 [3], 344 [6] [309 P.2d 809]; *Baker* v. *Ferrel* (1947) 78 Cal.App.2d 578 [177 P.2d 973]; see also *Graceland* v. *Peebler* (1942) 50 Cal.App.2d 545 [123 P.2d 527].) In *Smith* v. *Lewis* (1930) 211 Cal. 294 [295 P. 37], in addition to a lack of showing of reinstatement of the suspended corporation, the corporation itself was not a party to the action or represented therein or on the appeal.

Also to be distinguished are those cases dealing with the rights or capacities of corporations which have been dissolved (see *Crossman* v. *Vivienda Water Co., supra,* 150 Cal. 575; *Macmillan Petroleum Corp.* v. *Griffin* (1950) 99 Cal.App.2d 523 [222 P.2d 69]) or whose corporate charters or powers were forfeited for nonpayment of taxes, either under the former California statute (Act of 1905; Stats. 1905, p. 493) with respect to domestic corporations (see *Rossi* v. *Caire* (1921) 186 Cal. 544, 549 [2] [199 P. 1042]; *Graceland* v. *Peebler, supra,* 50 Cal.App.2d 545, 547-548; *Southern Land Co.* v. *McKenna* (1929) 100 Cal.App. 152, 159 [280 P. 144]) or under the present statute (§ 23301) which imposes such a forfeiture

---

ings it was a matter of affirmative defense for [defendant] to have shown the extraneous fact that plaintiff had failed to comply with the corporation license-tax law and therefore should not be permitted to proceed further.''

*California Sav. & Loan Soc.* v. *Harris* (1896) 111 Cal. 133 [43 P. 525], holding that failure of a corporation to file a certified copy of its articles of incorporation in the office of the county clerk of any county in which it holds property, is likewise matter in abatement under the statutory provision that any corporation failing to so file ''shall not maintain or defend any action or proceeding in relation to such property . . . until'' the filing is made.

on foreign corporations only. (See fn. 2, *ante*; *Alhambra-Shumway Mines, Inc.* v. *Alhambra Gold Mine Corp.* (1957) 155 Cal.App.2d 46, 50-51 [317 P.2d 649]; see also *Fidelity Metals Corp.* v. *Risley* (1946) 77 Cal.App.2d 377 [175 P.2d 592], in which revocation of the Nevada charter of a Nevada corporation was held to work a forfeiture of the corporation's rights and powers in California.) *Ransome-Crummey Co.* v. *Superior Court* (1922) 188 Cal. 393, 397-399 [205 P. 446], dealt with the special jurisdictional problems incident to a motion for new trial, and the court was careful to point out that although the corporation's motion was a nullity because the notice thereof had been given at a time its corporate powers were suspended, the holding to that effect was without prejudice to further proceedings had after reinstatement of the corporation. *Cleveland* v. *Gore Bros., Inc.* (1936) 14 Cal. App.2d 681 [58 P.2d 931], presented a statute of limitations problem. In *Belle Vista Inv. Co.* v. *Hassen* (1964) 227 Cal. App.2d 837 [39 Cal.Rptr. 184], a judgment rendered in favor of a suspended cross-complainant corporation, which thereafter secured reinstatement, was reversed on appeal; apparently the question of abatement was not considered by the court as the opinion fails to note or to discuss the cases holding that the suspension of corporate powers of a party in whose favor judgment is rendered is a matter of abatement only. Any views expressed in *Belle Vista* contrary to our holding today are disapproved.

The order appealed from is affirmed.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.