112 F.3d 517
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re SACRAMENTO MINI STORAGE, Debtor.
SACRAMENTO MINI STORAGE, Appellant,
v.
WORLD SAVINGS & LOAN ASSOCIATION; Silk Purse Properties;
Bill E. Clarkson, Appellees.
 No. 96-15318.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 14, 1997.*
Decided April 24, 1997.
 
 Before ALARCON, BEEZER, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We must decide whether a corporation whose powers, rights, and privileges have been suspended under state law may nonetheless cause a related entity to file a bankruptcy petition. Since the parties are familiar with the facts, we will not reiterate them.
 
 
 3
 * The bankruptcy court rested its decision on several grounds. It found that John Drake acted beyond the scope of his authority when he filed a bankruptcy petition for Sacramento Mini Storage ("Sacramento"); it also ruled that John Christian was incapable of delegating to Drake authority to file a petition since this was a duty only Renvest, Inc., as general partner of Sacramento and fiduciary to its limited partners, could perform. Finally, the bankruptcy court found that Renvest's corporate powers had been suspended, and that it therefore was incapable of causing Sacramento to file for bankruptcy or of delegating the power to file a petition to Drake.
 
 
 4
 The district court affirmed the bankruptcy court's dismissal of the petition, stating that the finding that Drake lacked authority to file the petition was not clearly erroneous.
 
 II
 
 5
 Sacramento argues that the district court erred because Christian and Renvest ratified Drake's filing of a petition after the fact. World Savings & Loan Association ("World") submits that while post hoc ratification may be effective in the context of the general law of agency, it is not effective in this specialized bankruptcy context.
 
 
 6
 We need not decide this question, however. Any ratification by Christian or Renvest would be ineffective because, at all relevant times, Renvest's corporate powers, rights, and privileges were suspended. Under California law, a corporation that fails to pay its franchise tax may be suspended by the Secretary of State. See Cal.Rev. & Tax. Code §§ 23301, 23301.5 (West 1992). As we have noted about this provision of California law before, a suspended corporation cannot "function as a corporation and [is] incapable of exercising corporate powers for any business purpose." McLaughlin Land & Livestock Co. v. Bank of America, 94 F.2d 491, 493 (9th Cir.1938). As the California Supreme Court has stated, "[d]uring the time its taxes were unpaid, petitioner [corporation] was shorn of all rights save those expressly reserved by the statutes." Boyle v. Lakeview Creamery Co., 68 P.2d 968, 970 (Cal.1937) (quoting Ransome-Crummey Co. v. Superior Court, 205 P. 446, 448 (Cal.1992)); see generally Peacock Hill Ass'n v. Peacock Lagoon Constr. Co., 503 P.2d 285 (Cal.1972); Traub Co. v. Coffee Break Serv. Inc., 425 P.2d 790 (Cal.1967). This includes the ability to prosecute and defend lawsuits, and enter into unvoidable contracts. See Ogden Martin Sys., Inc. v. San Bernardino County, 932 F.2d 1284, 1288-89 (9th Cir.1991); Boyle, 68 P.2d at 970. Since Renvest was suspended, it could not delegate any of its powers to Drake. Similarly, it could not perform any actions as general partner of Sacramento.
 
 
 7
 Sacramento argues that a corporation whose powers are suspended must nonetheless be able to file for bankruptcy. See In re Feature Homes, Inc., 116 B.R. 731, 733 (Bankr.E.D.Cal.1990). Whether or not this is true, Renvest did not file for its own bankruptcy. Instead, Drake filed a petition for Sacramento, and Renvest later (purportedly) ratified that action. At most, Renvest caused Sacramento to file for bankruptcy. Renvest's exercise of control over a partnership in which it held a controlling interest is a use of Renvest's corporate powers. Precisely these powers were suspended by the Secretary of State.
 
 III
 
 8
 We conclude that, by virtue of its suspension, Renvest had no power to confer authority upon Drake, to ratify Drake's actions, or to cause Sacramento to file for bankruptcy. Dismissal of the petition was proper.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case appropriate for submission on the briefs pursuant to Fed.R.App.P. 34 and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3