**NOT FOR PUBLICATION**


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: FRB, INC., | No. 12-60053 |
| Debtor, | BAP No. 12-1013 |
| TJG/ SUMMITT DEVELOPMENT CORPORATION, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| JAMES F. RIGBY, Jr., | |
| Appellee. | |

| | |
|---|---|
| In re: FRB, INC., | No. 12-60054 |
| Debtor, | BAP No. 12-1068 |
| TJG/ SUMMITT DEVELOPMENT CORPORATION, | |
| Appellant, | |
| v. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

JAMES F. RIGBY, Jr.,

      Appellee.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Hollowell, Markell, and Jury, Bankruptcy Judges, Presiding

Argued and Submitted August 26, 2013
Seattle, Washington

Before: HAWKINS, McKEOWN, and CLIFTON, Circuit Judges.

TJG/Summitt Development Corporation ("Summitt") appeals from the

Bankruptcy Appellate Panel's ("BAP") orders dismissing its appeals because of

Summitt's corporate suspension and denying its motion for reconsideration after

the corporate powers were revived.

Under the circumstances, the BAP correctly dismissed Summitt's appeals.

*Traub Co. v. Coffee Break Serv., Inc.*, 425 P.2d 790, 792 (1967) (Under California

law, "a suspended corporation not shown to have been reinstated lacks the right or

capacity to defend an action or to appeal from an adverse decision."). We need not

address whether the BAP abused its discretion in denying Summitt's motion for

reconsideration under Federal Rule of Civil Procedure 60(b); the ultimate result

would be the same because Summitt's claims cannot be sustained.

2

We reject Summitt's challenge to the bankruptcy court's subject matter jurisdiction. The bankruptcy court had jurisdiction over the estate of FRB, Inc., ("FRB") because FRB filed a voluntary petition for bankruptcy. *See* 28 U.S.C. § 1334(e).

The bankruptcy court did not abuse its discretion in finding that equitable principles precluded Summitt, at this late stage and after active participation in the bankruptcy proceedings, from contesting James F. Rigby's authority to file the petition on FRB's behalf. *See Rudebeck v. Sanderson (In re Nonpareil Consol. Copper Co.)*, 227 F. 575, 578 (9th Cir. 1915) ("[T]hey could not stand idly by and permit the administration of the estate to proceed in the bankruptcy court until some step was taken that did not meet their approval. Whether the petition in bankruptcy was filed by competent authority or not, it was the duty of the petitioners to move against it promptly, if at all, and this they failed to do."); *see also Beaty v. Selinger (In re Beaty)*, 306 F.3d 914, 921 (9th Cir. 2002) (reviewing application of laches doctrine for an abuse of discretion).

To the extent the issue is not moot, we also affirm the order authorizing the sale of the California property.

**AFFIRMED.**

3