T.C. Memo. 2015-52

UNITED STATES TAX COURT

MEDICAL WEIGHT CONTROL SPECIALIST, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13738-13.                    Filed March 18, 2015.

<u>Kevan P. McLaughlin</u>, for petitioner.

<u>Michael S. Hensley</u>, for respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  This matter is before us on respondent's motion to dismiss
for lack of jurisdiction under Rule 60(a).  Unless otherwise indicated, all section
references are to the Internal Revenue Code and all Rule references are to the Tax
Court Rules of Practice and Procedure.

**[*2]**                                    Background

Petitioner was incorporated in California in October 1987. Its corporate

privileges were suspended by the State of California in March 2004 pursuant to

Cal. Rev. & Tax. Code sec. 23301 (West 2004) for failure to pay State taxes.

On May 22, 2013, respondent mailed to petitioner a notice of deficiency

determining income tax deficiencies, penalties, and additions to tax as follows:

| Year | Deficiency | Penalty sec. 6662(a) | Addition to tax sec. 6651(a)(2) |
|------|-----------|------------------|-----------------------|
| 2009 | $368,308 | $73,661 | $121,684 |
| 2010 | 307,662 | 61,532 | 83,039 |
| 2011 | 335,754 | 71,150 | 92,299 |

On June 17, 2013, petitioner filed a petition in this Court challenging

respondent's above determinations.

On April 28, 2014, respondent filed a motion to dismiss the petition for lack

of jurisdiction, alleging petitioner lacked the capacity to sue at the time the

petition was filed.

On May 12 and 21, 2014, respectively, the California Franchise Tax Board

issued to petitioner a certificate of revivor and a certificate of relief from contract

voidability.

**[*3]**                                Discussion

David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268 (2000), aff'd, 22 Fed. Appx. 837 (9th Cir. 2001), bears a striking similarity to the case at hand. David Dung Le, M.D., Inc. involved a corporation which filed a petition in this Court at a time when its corporate powers, rights, and privileges were suspended by the State of California for failure to pay income tax. In David Dung Le, M.D., Inc. the taxpayer obtained a revival of its corporate powers, rights, and privileges after the 90-day period for filing the petition for redetermination of the deficiency had passed. See sec. 6213(a).

The Court in David Dung Le, M.D., Inc. held that it lacked jurisdiction over the case. It concluded that under California law a suspended corporation cannot prosecute or defend an action while it is suspended. See Cmty. Elec. Serv. of L.A., Inc., v. Nat'l Elec. Contractors Ass'n, Inc., 869 F.2d 1235, 1238 (9th Cir. 1989), abrogated on other grounds by Townsend v. Holman Consulting Corp., 914 F.2d 1136 (9th Cir. 1990); United States v. 2.61 Acres of Land, More or Less, Situated in Mariposa Cnty., State of Cal., 791 F.2d 666, 668 (9th Cir. 1985). As a result, we held in David Dung Le, M.D., Inc. that the corporate taxpayer lacked the capacity to file a valid petition that would confer jurisdiction over the matter on this Court. See David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. at 268.

**[*4]**   The only difference between <u>David Dung Le, M.D., Inc.</u> and the present case even alleged by petitioner herein is that petitioner herein received a certificate of relief from contract voidability from the California Franchise Tax Board. However, that relief applies only to "contracts entered into * * * that have not been rescinded" and "[a]ny sale, transfer, or exchange of real property in California" during the period in which the corporation is not qualified to do business.  Cal. Rev. & Tax. Code sec. 23305.1(c)(1)(A) and (B) (West 2004).  The filing of a petition for redetermination of a Federal tax deficiency neither is contractual nor involves the sale of land in California.  This Court's jurisdiction is statutory, not contractual, and a party may not confer jurisdiction on this Court by agreement or concession.  <u>See</u> <u>Camous v. Commissioner</u>, 67 T.C. 721, 729 (1977); <u>see also</u> <u>Am. Airlines, Inc. v. Commissioner</u>, 144 T.C. ___, ___ (slip op. at 12) (Jan. 13, 2015).  The receipt, therefore, by petitioner of a certificate of relief from contract voidability, by the plain language of California law, does not affect the application of <u>David Dung Le, M.D., Inc.</u> to the present case.  Without a difference of material fact, respondent's motion to dismiss must be granted unless we are to ignore or overturn <u>David Dung Le, M.D., Inc.</u>  A departure from that precedent would be especially imprudent given that it was appealed to and affirmed by the Court of Appeals for the Ninth Circuit, and both this Court and the

**[*5]** Court of Appeals have recently cited it as controlling precedent in holding that a revived California corporation may not retroactively validate the filing of a petition that occurred during the suspension of its corporate powers and where the revival did not occur until after the period for timely filing the petition. See AMA Enters., Inc. v. Commissioner, 523 Fed. Appx. 455 (9th Cir. 2013); John C. Hom & Assocs., Inc. v. Commissioner, 140 T.C. 210 (2013).

Petitioner argues that California law distinguishes between procedural and substantive acts and allows the revival of corporate powers to validate procedural acts undertaken during a suspension of corporate powers. See Benton v. Cnty. of Napa, 277 Cal. Rptr. 541 (Ct. App. 1991). A number of California courts have relied on a procedural/substantive distinction to allow a revived California corporation to continue a lawsuit filed at a time when a corporation was suspended. See Peacock Hill Ass'n v. Peacock Lagoon Constr. Co., 105 Cal. Rptr. 29 (1972); Traub Co. v. Coffee Break Serv., Inc., 57 Cal. Rptr. 846 (1967).

Further, California courts have allowed a corporation to maintain an appeal filed at a time when the corporation was suspended if the corporation later obtained a certificate of revivor, even if the corporation did not obtain the certificate until after the statutory period in which the appeal could have been

**[*6]** timely filed.  See Bourhis v. Lord, 153 Cal. Rptr. 3d 510 (2013); ABA

Recovery Servs., Inc. v. Konold, 244 Cal. Rptr. 27 (Ct. App. 1988).

However, California courts have been equally clear that statutes of

limitations create substantive defenses which cannot be prejudiced by corporate

revival.  See Bourhis, 153 Cal. Rptr. 3d 510; Welco Constr., Inc. v. Modulux, Inc.,

120 Cal. Rptr. 572 (1975).

Petitioner contends that the timely filing requirement of section 6213(a) is

procedural and is not intended to be a true statute of limitations.

To the contrary, this Court lacks jurisdiction regardless of whether the 90-

day limitation of section 6213(a) is to be regarded as a true statute of limitations.

Although section 6213(a) provides a taxpayer "may file a petition with the Tax

Court" within the 90-day period, this language is to be viewed in the light of the

section 7421(a) proscription of any suit in any court by any person "for the

purpose of restraining the assessment or collection of any tax".  Cal. Rev. & Tax.

Code sec. 23305a (West 2004) provides that corporate revival "shall be without

prejudice to any action, defense or right which has accrued by reason of the

original suspension or forfeiture".  Thus, even if section 6213(a) is not to be

viewed as a statute of limitations, under the above California law limitation on

corporate revival section 6213(a) still serves as a limitation on subject-matter

**[\*7]** jurisdiction, and either party, or the Court sua sponte, may question jurisdiction at any time. See Brown v. Commissioner, 78 T.C. 215, 218 (1982).

Unlike a traditional statute of limitations, the 90-day period of section 6213(a) generally cannot be tolled or extended. See Rich v. Commissioner, 250 F.2d 170 (5th Cir. 1957); Joannou v. Commissioner, 33 T.C. 868 (1960). Jurisdictional statutes such as section 6213(a) are conditions on the waiver of the Federal Government's sovereign immunity and must be strictly construed. See Bowen v. City of New York, 476 U.S. 467, 479 (1986). Section 6213(a) provides that a petition may be filed by the taxpayer during the 90-day period. Petitioner's suspension under Cal. Rev. & Tax. Code sec. 23301 deprived it of the capacity to sue under section 6213(a) and prevents its corporate revival from prejudicing respondent's defense of lack of subject matter jurisdiction.[1]

Cases allowing revived corporations to continue prosecuting lawsuits filed at times when the corporations were suspended involve cases in courts of general

---

[1] Our interpretation of the California corporate revival statute is supported by the fact that the Court of Federal Claims has held that a suspended California corporation could not maintain an otherwise timely filed claim under the Contract Disputes Act, 41 U.S.C. sec. 7101-7109 (2006), if the corporation was suspended under local law when it filed its claim and did not obtain a certificate of revivor until after the period of limitations for filing the claim had expired. See Computer Prods. Int'l, Inc. v. United States, 26 Cl. Ct. 518 (1992).

**[\*8]** jurisdiction and claims that were not barred by a statute of limitations or other statutory restriction.  See, e.g., Peacock Hill Ass'n, 105 Cal. Rptr. at 30.

Lastly, petitioner argues that public policy and equity compel a holding that would allow this case to go forward.  However, this Court is a court of limited jurisdiction and, as such, it lacks general equitable powers.  See Stovall v. Commissioner, 101 T.C. 140 (1993).  We lack the authority to relieve petitioner from the clear jurisdictional requirement of section 6213(a).  See Rich v. Commissioner, 250 F.2d at 175.

Because petitioner lacked the capacity to petition this Court during the 90-day period provided by section 6213(a), this Court lacks jurisdiction over this case.  Respondent's motion to dismiss for lack of jurisdiction will be granted.

An appropriate order of

dismissal for lack of jurisdiction will

be entered.