Filed 12/6/23  The Liu Bunch v. Song CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE LIU BUNCH, LLC,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>KI JONG SONG et al.,<br><br>Defendants and Respondents. | B321457<br><br>(Los Angeles County<br>Super. Ct. No. BC453717) |

APPEAL from an order of the Superior Court of Los Angeles County, Kenneth R. Freeman, Judge.  Reversed and remanded with directions.

Zee Law Group, Tappan Zee and Kimberly Barrientos for Plaintiff and Appellant.

Lagasse Branch Bell + Kinkead, Christopher C. Cianci for Defendants and Respondents.

The Liu Bunch, LLC appeals from an order vacating a 2011 default judgment entered in its favor against Ki Jong Song and Mi Sook Song. The trial court found The Liu Bunch, a foreign limited liability company, did not have a certificate of registration to transact business in California when the judgment was entered, and therefore lacked legal capacity to maintain the lawsuit. The court accepted the Songs' argument that the judgment was void on its face. We conclude this was error and reverse.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2006, the Songs received a loan of $1.09 million from nonparty Union Bank N.A. (Union Bank) secured by a deed of trust to real property located in Nevada. Union Bank assigned the loan to The Liu Bunch in 2010. By October 2010, the Songs owed more than $50,000 in outstanding payments on the loan. The Liu Bunch filed a complaint against the Songs in January 2011 asserting claims for breach of contract, money due on an open book account, and money due on an account stated. The Songs did not respond to the complaint. The court entered a default judgment in favor of The Liu Bunch in August 2011. The court granted The Liu Bunch's application to renew the judgment in June 2021.

In November 2021, the Songs filed a motion to set aside the judgment. The Songs argued The Liu Bunch was not properly registered with the California Secretary of State as a foreign Limited Liability Company (LLC). The Songs contended The Liu Bunch was therefore "not qualified" to maintain the lawsuit based on Corporations Code section 17708.07, subdivision (a).

2

The Songs asked the court to set aside the judgment as void under Code of Civil Procedure section 473, subdivision (d).[1]  They also filed a request for judicial notice of a printout from the Secretary of State website showing no results for a search for an LLC with the name "liu bunch."

The Liu Bunch opposed the Songs' motion in March 2022. The opposition argued that any challenge to The Liu Bunch's registration status should have been raised by demurrer; the trial court should stay the case pending its registration rather than invalidate the judgment; a judgment is void when the trial court lacks subject matter or personal jurisdiction, and here the complaint was properly served; and any invalidity must appear on the face of the judgment and may not be established solely through extrinsic evidence.  The opposition attached a copy of The Liu Bunch's application to register with the Secretary of State of California as a foreign LLC dated March 8, 2022.

The trial court found The Liu Bunch did not have a certificate of registration when it obtained the default judgment, thus it lacked legal capacity to maintain the lawsuit.  The court concluded the judgment was therefore void on its face, granted the Songs' motion, and set aside the default judgment and the entry of default.  The Liu Bunch timely appealed.

## DISCUSSION

The fundamental legal question in this appeal is whether a plaintiff's corporate incapacity at the time of judgment renders the judgment void.  In its appellate briefing, The Liu Bunch contends a judgment is void if the court lacked subject matter or personal jurisdiction, and asserts there was no such lack of

[1]    All further undesignated statutory references are to the Code of Civil Procedure.

3

jurisdiction in this case. The Liu Bunch did not expressly discuss whether a lack of capacity is a jurisdictional deficiency. On the other hand, the Songs argue the trial court correctly found The Liu Bunch lacked capacity, but they do not provide any legal authority or reasoning in support of their contention that this incapacity rendered the judgment void. We invited the parties to submit supplemental briefing on the issue of whether, assuming The Liu Bunch lacked capacity at the time it obtained the default judgment because it had not registered as a foreign LLC, any lack of capacity rendered the judgment void. Having considered the parties' briefing in its entirety, we conclude the trial court erred in finding The Liu Bunch's asserted lack of capacity rendered the judgment void.[2]

---

[2] The Liu Bunch also argues it was not required to register as a foreign LLC because the underlying contract was not an intrastate transaction, and contends the motion to set aside the judgment was untimely. These arguments were not raised before the trial court and we decline to reach them for the first time on appeal, particularly given the fact-intensive nature of the former argument. (*In re Marriage of Brewster & Clevenger* (2020) 45 Cal.App.5th 481, 509–510 [declining to consider for first time on appeal allegations that raise new "issues of fact that could be altered by the presentation of additional evidence"]; see *Greenwich S.F., LLC v. Wong* (2010) 190 Cal.App.4th 739, 767 [even if new theory raised on appeal is pure question of law court has discretion not to consider it].)

The Liu Bunch further contends the trial court erred in considering extrinsic evidence because, for purposes of section 473, subdivision (d), a judgment must be invalid on its face to be set aside. Because we conclude the judgment was not void, we need not address this argument.

# I. Standard of Review

The trial court "may, on motion of either party after notice to the other party, set aside any void judgment or order." (§ 473, subd. (d).) "We review de novo a trial court's determination that a judgment is void." (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 496 (*Cruz*).)

# II. The Trial Court Erred in Finding the Judgment Void

When a foreign LLC fails to comply with registration requirements in the Corporations Code, it "lack[s] . . . capacity to *maintain* an action arising out of intrastate business." (*United Medical Management Ltd. v. Gatto* (1996) 49 Cal.App.4th 1732, 1740 [addressing parallel requirements for foreign corporations]; Corp. Code § 17708.07, subd. (a) [foreign LLC "transacting intrastate business in this state shall not maintain an action or proceeding in this state unless it has a certificate of registration to transact intrastate business in this state"].)

However, a challenge to the validity of an action based on a corporate plaintiff's lack of capacity " 'must be raised . . . at the

---

Finally, in response to our invitation to submit supplemental briefing, the Songs primarily argued that irrespective of whether the judgment was void, The Liu Bunch could not renew the default judgment due to its lack of capacity. This argument is not properly before us. The trial court found the Songs' motion to vacate the renewal of judgment was not properly served and, after vacating the default judgment, concluded the motion to vacate the renewal of judgment was moot. Thus, the trial court never ruled on the later motion, and we have no ruling to review on appeal. Moreover, the Songs did not include any argument regarding the motion to vacate the renewal of judgment in their opening or reply briefs, and they were not invited to address that issue in our request for supplemental briefing. We therefore disregard the argument.

earliest opportunity or it is waived,' " and should be raised " 'in the original answer or by demurrer at the time of the answer.' " (*Color-Vue, Inc. v. Abrams*, 44 Cal.App.4th 1599, 1604.) Here, the Songs did not file an answer or demur to the complaint. The Songs therefore forfeited any argument based on The Liu Bunch's asserted lack of capacity. (*Parish v. Peters* (1991) 1 Cal.App.4th 202, 209, fn. 8 [default judgment "permanently precludes the filing of an answer"].)

Moreover, a judgment is void "only if the court rendering it lacked subject matter jurisdiction or jurisdiction over the parties." (*Neumann v. Melgar* (2004) 121 Cal.App.4th 152, 164.) The Songs' only basis for seeking to set aside the judgment was that The Liu Bunch's incapacity rendered the judgment void under section 473, subdivision (d). Yet, "lack of capacity is not a jurisdictional defect," and an entity's incapacity at the time of judgment does not render the judgment void. (*Tabarrejo v. Superior Court* (2014) 232 Cal.App.4th 849, 863.)

For example, in *Traub Co. v. Coffee Break Service, Inc.* (1967) 66 Cal.2d 368 (*Traub*), the cross-complainant, which lacked capacity due to the suspension of its corporate powers for nonpayment of corporate taxes, obtained a judgment against the cross-defendants. (*Id.* at pp. 369–370.) More than a year after the judgment was entered, the cross-defendants filed a motion to set it aside as void based on the cross-complainant's incapacity. (*Ibid.*) The trial court denied the motion. (*Ibid.*) Our Supreme Court affirmed, expressly rejecting the argument that the judgment was void as a result of the corporation's incapacity. (*Ibid.*) The court recognized that a judgment may be void for lack of jurisdiction, but distinguished between jurisdictional deficiencies and incapacity, reasoning that the cross-

6

complainant's lack of capacity at the time of judgment "[did] not deprive the court of jurisdiction or render the judgment void and subject to collateral attack after it ha[d] become final." (*Id.* at p. 371.)

Similarly, here, even if The Liu Bunch lacked capacity to maintain the lawsuit when the judgment was entered, that incapacity did not "deprive the court of jurisdiction or render the judgment void." (*Traub, supra*, 66 Cal.2d at p. 371.) Rather, "lack of capacity . . . results in judicial action 'in excess of jurisdiction,' " and "judicial acts in excess of jurisdiction are merely 'voidable.' " (*Jo Redland Tr., U.A.D. 4-6-05 v. CIT Bank, N.A.* (2023) 92 Cal.App.5th 142, 156.) "Only void judgments and orders may be set aside under section 473, subdivision (d); voidable judgments and orders may not." (*People v. The North River Insurance Co.* (2020) 48 Cal.App.5th 226, 234.) Because the judgment was not void as a matter of law, the court had "no statutory power under section 473, subdivision (d)" to set it aside. (*Cruz, supra*, 146 Cal.App.4th at pp. 495–496.) The order must be reversed.

## DISPOSITION

The trial court order setting aside the default and default judgment is reversed, and the trial court is directed to enter an order reinstating the default and default judgment. The matter is remanded for further proceedings consistent with this opinion. Appellant to recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

LAVIN, J.